IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )    Civil Action No. 3:14CV757-REP |
| NVIDIA CORPORATION, et al., | ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS MEMORANDUM IN SUPPORT OF MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT AND FOR EXPEDITED BRIEFING**

Pursuant to Local Rule 7 and Fed. R. Civ. P. 6(b), Defendants Nvidia Corporation ("NVIDIA") and Velocity Micro, Inc. D/BA Velocity Micro and Velocity Holdings, LLC ("Velocity") (collectively, "Defendants") respectfully request that the Court extend the deadline for Defendants to respond to the Complaint until January 5, 2015.  Because of the impending deadline for Defendants to respond to the Complaint, Defendants also respectfully request that the Court order Plaintiff to file its response to this motion by 3:00 on Monday December 1 and Defendants to file their reply by noon on December 2.

**BACKGROUND**

On November 4, 2014, Plaintiffs Samsung Electronics Co. Ltd. and Samsung Electronics America Inc. ("Plaintiff") filed their complaint in this action alleging infringement of eight unrelated patents by NVIDIA and Velocity, and also alleging that NVIDIA engaged in false

advertising in violation of Va. Code § 18.2-216.[1] The patents-in-suit are complex and diverse, ranging in scope from highly technical semiconductor manufacturing processes to the programming and operation of integrated circuits and computer memory. Plaintiff served its Complaint on Velocity on November 11 and on NVIDIA on November 12. Accordingly, Velocity's response to the Complaint is due on December 2 and NVIDIA's response is due on December 3.

On November 21, 2014, counsel for Defendants met and conferred with counsel for Plaintiff and requested Plaintiff's consent to a motion to extend the time for Defendants to respond to the Complaint to January 5, 2015, approximately thirty days after responsive pleadings are currently due. On November 26, 2014, Plaintiff responded that it would consent to a motion to extend the time for Defendants to respond to the Complaint to December 17 but would not agree to an additional two-week extension until January 5, 2015. The parties continued to meet and confer, and Plaintiff ultimately agreed to consent to a motion for a thirty-day extension, but conditioned that agreement on the Defendants' waiving their right to file a motion to dismiss in response to the Complaint. Because Defendants did not wish to waive their substantive right to move to dismiss the Complaint based on the deficiencies in Plaintiff's allegations that are described below, Defendants bring this motion.

## ARGUMENT

Rule 6(b) permits the Court to extend the deadline for Defendants to respond to Plaintiff's complaint "for good cause." Fed. R. Civ. P. 6(b)(1)(A) ([w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is

---

[1] Plaintiff alleges that both NVIDIA and Velocity infringe six patents and that Velocity alone infringes two additional patents.

2

made, before the original time or its extension expires"); *see also* E.D. Va. Loc. R. 7 (similarly requiring a showing of "good cause" for extensions of time). Good cause exists here because of the time necessary for:

(1) Defendants to investigate their defenses, in view of the number and complexity of the patents and claims asserted in the Complaint, consistent with their obligations under Rule 11;

(2) Defendants to gather factual information in support of motions Defendants may file with their responsive pleadings, the gathering of which is complicated by employees' unavailability during the Thanksgiving and year-end holidays; and

(3) NVIDIA to address contemporaneous demands related to a second case that Samsung filed against NVIDIA in the International Trade Commission (ITC) on November 21, 2014.

Defendants need adequate time to complete their non-infringement and invalidity investigations under Fed. R Civ. P. 11 ("Rule 11"). This case involves eight unrelated and highly complex patents that are alleged to cover a multitude of different products. To satisfy their obligations under Rule 11, NVIDIA, Velocity and their counsel have to, at minimum, meet with various engineers with knowledge of the manufacturing and operation of the accused products and search for and identify prior art to the patents-in-suit. Defendants' Rule 11 investigation is complicated here because it is taking place during the holiday season, when schedules are particularly difficult to coordinate. Moreover, and as discussed below, because Plaintiff's infringement allegations consist almost entirely of conclusory assertions, Plaintiff has effectively shifted the burden to Defendants', whose non-infringement analyses for certain patents are particularly demanding in the absence of an adequate pleading. For these reasons alone, Defendants' motion should be granted. *See SunTrust Mortg., Inc. v. LCMG, Inc.*, 2012 U.S. Dist. LEXIS 24062 (E.D. Va. 2012) (finding "good cause" and granting an extension of time to respond to discovery requests because producing the requested information, which related to a transaction that occurred approximately five years earlier, was difficult).

In addition to completing their Rule 11 investigations, Defendants need time to evaluate whether to file certain motions with their responsive pleadings.[2] Specifically, NVIDIA and Velocity are analyzing whether to file a motion to dismiss Plaintiff's infringement allegations under *Iqbal* and *Twombly*, and NVIDIA is analyzing whether to file a motion to transfer. With respect to the motion to dismiss, certain of Plaintiff's direct infringement allegations, in large part, state only that NVIDIA and/or Velocity "infringe one of more claims of [asserted patent] by making, using, offering to sell, selling, or importing its infringing devices, including but not limited [accused products]." (*See, e.g.,* D.I. 1, Cmpl. at ¶ 90; *see also* ¶89 with respect to NVIDIA). These allegations fail to conform to the pleading requirements of *Iqbal* and *Twombly* and "recite[] the specific claim or claims which are alleged to be infringed, and the elements thereof that are alleged to be infringed by the allegedly infringing product, and how that product is alleged to infringe those elements." *Macronix Int'l Co., v. Spansion Inc. et. al*, 4 F. Supp. 3d 797, 798-99 (E.D. Va. 2014). Accordingly, if Defendants proceed with this contemplated motion, they need sufficient time to prepare it.

Concerning the motion to transfer, it appears that the Northern District of California is a far more convenient forum for NVIDIA and Plaintiff to litigate this case. NVIDIA's analysis, however, is ongoing, and it needs sufficient time to complete its analysis so it can timely raise this issue with the Court. If NVIDIA is forced to answer the Complaint without the benefit of the requested extension, it will have to redirect resources to satisfy its Rule 11 obligations at the expense of finalizing its transfer analysis.

---

[2] Plaintiff has indicated an extension to January 5, 2015 was acceptable, but only if Defendants waived their rights to file any response to the Complaint other than to Answer. *Cf. Guidelines of Prof. Conduct of the U. S. District Court for the N.D. Calif.,* 4(g) ("By agreeing to extensions, a lawyer should not seek to cut off an opponent's substantive rights, such as his or her right to move against a complaint.").

Separately, NVIDIA is performing a Rule 11[3] investigation in connection with a four patent complaint that Samsung filed against NVIDIA in the ITC just one week ago on November 21, 2014.  It appears that Samsung is using separate counsel for this action and the ITC action, and is seeking to time the schedule here so that a trial in this action will be scheduled contemporaneously with the hearing date for the evidentiary hearing in the ITC.  The four patents asserted by Samsung in the ITC are unrelated to the patents asserted against NVIDIA here and further compound the amount of litigation-related work NVIDIA has to complete in a very short time frame over the holiday season.

In view of the foregoing, and to accommodate the time and effort needed to respond to the Complaint, pursuant to Local Rule 7 and Rule 6(b) of the Federal Rules of Civil Procedure, Defendants respectfully request that the Court extend the deadline to respond to the Complaint until January 5, 2015.  Plaintiff will not be prejudiced by this short extension, which in any event is being sought in part because of the deficient allegations set forth in Plaintiff's Complaint.  The requested extension will not affect any pretrial deadline or materially delay litigation of this matter.  Defendants further request that the Court grant expedited briefing of this motion and order Plaintiff to file its response to this motion by 3:00 p.m. on Monday December  and order Defendants to file any reply by noon on Tuesday, December 2.

---

[3]   19 C.F.R. § 210.4 sets forth requirements similar to Federal Rule 11.

                    NVIDIA CORPORATION
                    VELOCITY MICRO, INC.
                     D/B/A VELOCITY MICRO
                    VELOCITY HOLDINGS, LLC


By:          /s/         
        Of Counsel

Dabney J. Carr, IV, VSB No. 28679
dabney.carr@troutmansanders.com
Robert A. Angle, VSB No. 37691
robert.angle@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
T: (804) 697-1200
F: (804) 697-1339

Counsel for NVIDIA Corporation
Velocity Micro, Inc. d/b/a Velocity Micro
and Velocity Holdings, LLC

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of November 2014, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Robert W. McFarland
>rmcfarland@mcguirewoods.com
>Sarah K. McConaughy
>smcconaughy@mcguriewoods.com
>McGuire Woods LLP
>101 W. Main Street, Suite 9000
>Norfolk, VA 23510
>
>Sean F. Murphy
>sfmurphy@mcguirewoods.com
>Patrick A. Darno
>pdarno@mcguirewoods.com
>McGuireWoods LLP
>1750 Tysons Boulevard, Suite 1800
>Tysons Corner, VA 22102-4215
>
>Counsel for Plaintiffs

>/s/
>Dabney J. Carr, IV, VSB No. 28679
>dabney.carr@troutmansanders.com
>Robert A. Angle, VSB #37691
>robert.angle@troutmansanders.com
>Stanley W. Hammer, VSB #82181
>stanley.hammer@troutmansanders.com
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, VA 23219
>T: (804) 697-1200
>F: (804) 697-1339