

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAMSUNG ELECTRONICS CO.,
LTD., et al.,

       Plaintiffs,

v.                            Civil Action No. 3:14CV757

NVIDIA CORPORATION,
et al.,

       Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a), SEVER, AND STAY (Docket No. 46). For the reasons stated below, this motion will be denied.

**BACKGROUND**

In this case, Plaintiffs Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") have brought six patent infringement claims against Defendants Velocity Micro, Inc. d/b/a Velocity Micro ("Velocity Micro") and Velocity Holdings, LLC ("Velocity Holdings") (collectively, "Velocity"), and NVIDIA Corporation ("NVIDIA"), two patent infringement claims against Velocity

alone, and a false advertising claim against NVIDIA under Virginia Code §§ 18.2-216 and 59.1-68.3.

The Defendants contend that Samsung has included the patent infringement claims against Velocity in "an attempt to manufacture a connection" to the Eastern District of Virginia. (Defs.' Mem. at 1, Docket No. 47.) The Defendants move to transfer the claims against NVIDIA to the Northern District of California while severing and staying the claims against Velocity until the NVIDIA action is adjudicated.

## DISCUSSION

When evaluating a motion to transfer venue under 28 U.S.C. § 1404(a), courts follow a two-step inquiry. First, the court must determine whether the civil action could have been brought in the proposed forum. See Jaffé v. LSI Corp., 874 F. Supp. 2d 499, 502 (E.D. Va. 2012). Second, the court should consider: "(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) access to evidence; (4) the convenience of the witnesses, including third-party witnesses; and (5) the interest of justice." Samsung Elec. Co. v. Rambus, Inc., 386 F. Supp. 2d 708, 716 (E.D. Va. 2005). The Defendants advance persuasive evidence and arguments regarding each of these factors in their motion.

When a motion to transfer venue is contingent upon severing and staying the remaining claims, defendants must first

demonstrate that (1) the claims to be severed are only peripheral in nature, and (2) adjudication of the remaining main claims will potentially dispose of the severed claims. See Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 631-32 (E.D. Va. 2003). Only if these requirements are met and the transfer of the claims is otherwise warranted under section 1404(a) can a district court grant a motion to transfer, sever, and stay. See id.

Claims tend to be deemed peripheral when the defendant is simply a customer, reseller, or distributor of the infringing product. See, e.g., Koh, 250 F. Supp. 2d 627 (distributor); LG Electronics Inc. v. Advance Creative Computer Corp., 131 F. Supp. 2d 804 (E.D. Va. 2001) (reseller). In evaluating the peripheral nature of the claims, however, "what matters in not whether a defendant is a customer or distributor of the alleged infringer, but rather whether the claim against this defendant is peripheral to the main dispute." Corry v. CFM Majestic Inc., 16 F. Supp. 2d 660, 665 (E.D. Va. 1998).

In five of the six infringement claims lodged against both NVIDIA and Velocity, the claims against Velocity appear peripheral. Although Velocity does not stand in the role of "end consumer" because it incorporates the infringing component into its own product, Velocity remains a mere customer nonetheless because the infringement of its own product is

entirely conditional upon a part that it has purchased and incorporated through what appear to be routine business transactions. In other words, the peripheral customers need not be end consumers so long as "the claim against [the] defendant is peripheral to the main dispute." Id.

In one of the six infringement claims, however, the infringing product involves a combination of NVIDIA and Velocity components. Under the "Display Adapter Computer System Patent" (U.S. Patent No. 6,804,724, or "'724"), the allegedly infringing system results from a combination of components from both defendants. Of the six major elements of the claimed computer system, NVIDIA provides three (the "digital transmitter," "video controller," and "monitor power sensor") and Velocity provides three (the "LCD panel," "external video port," and "digital cable"). As such, Samsung claims that "[p]roving that NVIDIA infringes the Display Adapter Computer System Patent ('724) does not resolve the issue of Velocity's infringement." (Pls.' Opp'n at 12, Docket No. 53.)

The Defendants retort that Samsung refers to examples of non-Velocity laptops in its Amended Complaint (Defs.' Reply at 13-14, Docket No. 55), thereby implying that Velocity is not a necessary party for Samsung to pursue direct infringement claims on the '724 Patent. Id. at 15 n.8. That may be the case, but it does not show that the claim before the Court is "peripheral"

4

with respect to Velocity; it only shows that Samsung could have chosen a different venue with a different co-defendant.

The record, as it now exists, shows that the '724 Patent should remain before this Court. Furthermore, the defendants have not met their burden respecting allegedly peripheral claims as defined by Koh. The Court, therefore, finds that the interests of justice and efficient adjudication warrant maintaining all claims in the Plaintiffs' original choice of venue: the Eastern District of Virginia.

## CONCLUSION

For the foregoing reasons, DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a), SEVER, AND STAY (Docket No. 46) will be denied.

It is so ORDERED.

                                        /s/            REP
                          Robert E. Payne
                          Senior United States District Judge

Richmond, Virginia
Date: April 3, 2015