**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>       Plaintiffs,<br><br>              -vs.-<br><br>NVIDIA CORPORATION, OLD MICRO, INC. F/K/A VELOCITY MICRO, INC., AND VELOCITY HOLDINGS, LLC,<br><br>       Defendants. | Civil Action No. 3:14-cv-757-REP |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON
THE PLEADINGS OF INVALIDITY UNDER 35 U.S.C. § 101**

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................................1

II.   ARGUMENT..........................................................................................................................3

      A.    *Alice* Step One:  The '938 Claims Are Directed To An Abstract Idea ....................3

            1.    The Underlying Delay Idea Is Abstract Regardless Of The Claims'
                  Additional Computer Limitations ...............................................................3

            2.    The Underlying Delay Idea Is Abstract Even If The Claims Do Not
                  "Preempt All Use" Of The Idea...................................................................7

            3.    The Abstract Idea Exception Is Not Restricted To Business
                  Practices ......................................................................................................9

      B.    *Alice* Step Two:  The '938 Claims Add Nothing Inventive To The Abstract
            Idea...........................................................................................................................9

            1.    Limiting The Abstract Idea To A Technical Environment Adds
                  Nothing Inventive .....................................................................................10

            2.    Purported Benefits Not Found In The Claims Add Nothing
                  Inventive ...................................................................................................11

            3.    The Purportedly Innovative Step For "Determining" The Delay
                  Amounts To A Mental Process That Adds Nothing Inventive..................12

      C.    Samsung's Other Arguments Lack Merit .................................................................13

            1.    *DDR Holdings* And *Diehr* Do Not Save Samsung's Claims.....................14

            2.    Samsung Identifies No Meaningful Differences Among The
                  Claims .......................................................................................................17

            3.    The '938 Patent Claims Are Ineligible As A Matter Of Law
                  Without Additional Factual Development .................................................19

III.  CONCLUSION....................................................................................................................20

## TABLE OF AUTHORITIES

### Cases

*Accenture Global Services, GmbH v. Guidewire Software, Inc.*,
   728 F.3d 1336 (Fed. Cir. 2013)...................................................................................... *passim*

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
   134 S. Ct. 2347 (2014)................................................................................................... *passim*

*Bancorp Servs. L.L.C. v. Sun Life Assurance Co. of Canada*,
   687 F.3d 1266 (Fed. Cir. 2012)............................................................................................ 6

*buySAFE, Inc. v. Google, Inc.*,
   765 F.3d 1350 (Fed. Cir. 2014)...................................................................................... 6, 15

*Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*,
   776 F.3d 1343 (Fed. Cir. 2014)...................................................................................... *passim*

*Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*,
   No. 12-2501, 2013 WL 3964909 (D.N.J. July 31, 2013) ....................................................... 17

*DDR Holdings, LLC v. Hotels.com, L.P.*,
   773 F.3d 1245 (Fed. Cir. 2014)............................................................................ 2, 13, 14, 15

*Dealertrack, Inc. v. Huber*,
   674 F.3d 1315 (Fed. Cir. 2012)........................................................................................ 4, 18

*Diamond v. Diehr*,
   450 U.S. 175 (1981)........................................................................................... 2, 13, 15, 16

*Execware, LLC v. BJ's Wholesale Club, Inc.*,
   No. 14-233, 2015 WL 4275314 (D. Del. July 15, 2015) ....................................................... 16

*Gottschalk v. Benson*,
   409 U.S. 63 (1972)....................................................................................................... *passim*

*In re TLI Communications LLC Patent Litigation*,
   --- F. Supp. 3d ----, 2015 WL 627858 (E.D. Va. Feb. 6, 2015)................................... 17, 18, 19

*Intellectual Ventures I LLC v. Capital One Bank (USA), N.A.*,
   792 F.3d 1363 (Fed. Cir. 2015)...................................................................................... *passim*

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*,
   No. PWG-14-111, 2015 U.S. Dist. LEXIS 62601 (D. Md. May 12, 2015)............................ 16

*Intellectual Ventures I LLC v. Mfrs. & Traders Trust Co.*,
   76 F. Supp. 3d 536 (D. Del. 2014)................................................................................... 8, 9

*Internet Patents Corp. v. Active Network, Inc.*,
  790 F.3d 1343 (Fed. Cir. 2015)......................................................................*passim*

*Microsoft Corp. v. i4i Ltd. P'ship*,
  131 S. Ct. 2238 (2011) ........................................................................................ 19

*OIP Techs., Inc. v. Amazon.com, Inc.*,
  788 F.3d 1359 (Fed. Cir. 2015)......................................................................*passim*

*Parker v. Flook*,
  437 U.S. 584 (1978)........................................................................................*passim*

*Ultramercial, Inc. v. Hulu, LLC*,
  722 F.3d 1335 (Fed. Cir. 2013)........................................................................... 19

*Ultramercial, Inc. v. Hulu, LLC*,
  772 F.3d 709 (Fed. Cir. 2014), *cert. denied*, 135 S. Ct. 2907 (2015).............................*passim*

*Versata Development Group, Inc. v. SAP America, Inc.*,
  793 F.3d 1306, 2015 WL 4113722 (Fed. Cir. July 9, 2015)................................... 11

## Statutes

35 U.S.C. § 101.................................................................................................... *passim*

35 U.S.C. § 102.............................................................................................................10

35 U.S.C. § 103.............................................................................................................10

## I.    INTRODUCTION

Under the two-step analysis of *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), the asserted '938 patent claims fail under § 101—they are patent ineligible and invalid. Under *Alice* and the numerous other cases Defendants discussed in their opening brief (D.I. 232, "Opening Br."), the '938 patent claims are ineligible because they (1) are directed to the abstract idea of delaying, as necessary, to ensure that a certain amount of time has passed after one action before a second action is performed, and (2) add nothing inventive and instead merely recite that abstract idea in a conventional technological environment (computer memory).

Nothing in Samsung's opposition (D.I. 237, "Opp.") undermines that conclusion.  Indeed, the key facts relevant to resolving this motion are uncontested:

- The § 101 eligibility of the '938 patent claims can be determined on the pleadings.

- The claims involve the abstract concept of delaying, as necessary, to ensure that a certain amount of time has passed after one action before a second action is performed.

- The algorithm recited in the claims for determining the "CAS latency" period boils down to implementing the abstract delay concept in the context of SDRAM—*i.e.*, by providing that, if a column access command (the "CAS") is received too soon, it is delayed a certain amount of time.

- The type of memory at issue (SDRAM) and all of the claims' computer components (such as decoders, shift registers and sense amplifiers) and functions (such as retrieving data from memory using row access commands and column access commands) are conventional, well-understood, and routine.

Samsung's contention that its claims are patent eligible relies on fundamental misunderstandings about the "two-step" *Alice* framework.  As to "step one," Samsung's overriding argument is that it is improper for courts to look past computer implementation details to identify whether the "heart" of the claims is an abstract idea.  To the contrary, that is precisely what district courts *must* do under *Alice*.  *See* 134 S. Ct. at 2356-57; *see also, e.g.*, *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014) (identifying abstract idea at "heart" of

1

computer claims), *cert. denied*, 135 S. Ct. 2907 (2015); *Accenture Global Services, GmbH v. Guidewire Software, Inc*., 728 F.3d 1336, 1344 (Fed. Cir. 2013) (same).   Next, Samsung contends that claims are not "directed to" an abstract idea at step one unless they "preempt[] all use" of the idea.  Opp. at 14.  But courts have expressly rejected that argument.  *See, e.g*., *Parker v. Flook*, 437 U.S. 584, 589 (1978) (holding claims ineligible despite not "wholly pre-empt[ing]" an abstract idea).  As to "step two," Samsung argues that the claims add an inventive concept because they recite the abstract idea in a technological context, provide certain purported benefits and cannot literally be performed by humans.  The Supreme Court and Federal Circuit have rejected all of those arguments as well.  *See, e.g*., *Gottschalk v. Benson*, 409 U.S. 63, 67, 71, 73 (1972); *Intellectual Ventures I LLC v. Capital One Bank (USA), N.A.*, 792 F.3d 1363, 1371 (Fed. Cir. 2015).

Brushing aside the weight of controlling Supreme Court and Federal Circuit authority Samsung seeks to analogize the '938 patent claims to claims found patent eligible in *DDR Holdings, LLC v. Hotels.com, L.P*., 773 F.3d 1245 (Fed. Cir. 2014), and *Diamond v. Diehr*, 450 U.S. 175 (1981).  This effort fails.  Unlike the eligible *DDR Holdings* claims, the '938 patent claims are not directed to a uniquely Internet-centric or computer-centric problem and do not provide for manipulating the Internet in a specific and unconventional way.  *See id.* 773 F.3d at 1256-59; *Intellectual Ventures*, 792 F.3d at 1371 (distinguishing *DDR Holdings*).  And unlike the eligible *Diehr* claims, the '938 patent claims do not "transform or reduce an article to a different state or thing," 450 U.S. at 192, and do not improve a "conventional industry practice" like "molding of rubber products," *id.* at 178, 192-93.  *See OIP Techs., Inc. v. Amazon.com, Inc*., 788 F.3d 1359, 1364 (Fed. Cir. 2015) (distinguishing *Diehr*).

2

Finally, Samsung asserts that claim 19 is not representative of the other asserted claims. But Samsung makes no effort to explain *how* any of the other claims are meaningfully different for purposes of § 101. As the claims are all "'substantially similar and directed to the same abstract idea,'" they all fall together. *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1348 (Fed. Cir. 2014) (affirming district court finding claims ineligible under § 101 based on representative claims, despite patentee's objection). Even examined individually, they are all ineligible, as none of the other claims adds anything inventive and Samsung has failed to identify any relevant differences. *See id.*

Defendants respectfully request that the Court grant their motion for judgment on the pleadings that the asserted claims of the '938 patent are ineligible under § 101.

## II.    ARGUMENT

### A.    *Alice* Step One:  The '938 Claims Are Directed To An Abstract Idea

As to step one of the *Alice* analysis, Samsung argues that (1) courts must not determine whether claims are, at root, directed to an abstract idea notwithstanding computer implementation, (2) claims are not ineligible unless they entirely preempt an abstract idea, and (3) only business practices tend to be abstract ideas. Each of those arguments is foreclosed by governing precedent. Under the proper step one analysis, just as in cases like *Alice*, *Benson*, *Ultramercial*, *Intellectual Ventures*, *Accenture*, and others, Samsung's claims are directed to an abstract idea. Opening Br. at 11-15. And just as in those cases, implementing the idea with technical-seeming language in a computer environment does not alter that conclusion. *Id.*

#### 1.    The Underlying Delay Idea Is Abstract Regardless Of The Claims' Additional Computer Limitations

Samsung does not contest that the asserted '938 patent claims involve the abstract idea of delaying, as necessary, to ensure that a certain amount of time has passed after one action before

3

a second action is performed. *See* Opening Br. at 11-12. Samsung nonetheless argues that the claims are not *directed to* that abstract idea, but rather to a "specific solution" for "improvements" in computer memory. Opp. at 9, 11. According to Samsung, Defendants improperly identified the "heart" of the claims by "summarize[ing]" them with a "high-level description" and ignoring the "detailed claim language" and "specific [computer] elements" of the claims. Opp. at 1, 8 n.1, 11.

Samsung's argument fundamentally misstates the first step of the *Alice* analysis. The Supreme Court in *Alice* made plain that courts *first* (at step one) look past such computer implementation verbiage to identify whether claims are, at root, directed to an abstract idea. It is only after that step one is completed that courts should *then* (at step two) examine whether the additional steps and features add anything inventive. 134 S. Ct. at 2355-60. The Federal Circuit did the same when it first identified the "abstract idea *at the heart* of [the computer-implemented claims]" in *Ultramercial*, 772 F.3d at 714 (emphasis added), and in *Accenture*, 728 F.3d at 1344, and when it first summarized the claims in their "simplest form" to determine their "basic concept" in *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1333 (Fed. Cir. 2012) (citation omitted); *see also OIP*, 788 F.3d at 1361 (looking at "relevant limitations"); Opening Br. at 12. By refusing to look to the "heart" of the claims, and instead focusing on the computer limitations, Samsung erroneously conflates the *Alice* steps. At most, the so-called "articulated structure" on which Samsung seeks to rely (Opp. at 13) relates to step two.

The Supreme Court and the Federal Circuit have repeatedly held that claims were directed to an abstract idea (at step one) despite being broken down into a specific series of steps and dressed up with computer technology. For example, in *Alice*, the ineligible claims recited the abstract idea of intermediated settlement as a litany of steps—including (1) creating "shadow

4

records" (2) obtaining the parties' start-of-day balances, (3) adjusting the shadow records as transactions occur, and (4) issuing simultaneous end-of-day instructions to complete the transactions for which there are sufficient funds—implemented using several computer components, such as a "data storage unit" and "communications controller."  134 S. Ct. at 2356, 2359-60; *see* Opening Br. at 15-16.  Similarly, as Defendants explained in their opening brief, the claims in *Benson* and *Flook* were directed to abstract ideas (and ineligible) despite reciting far more detailed algorithms, equations, and computer-implemented steps than Samsung's '938 patent claims.  Opening Br. at 13-14.

Likewise, in *Accenture*, the asserted computer system claims recited numerous components and functions, including "an insurance transaction database, a task library database, a client component for accessing the insurance transaction database, and a server component that interacts with the software components and controls an event processor, which watches for events and sends alerts to a task engine that determines the next tasks to be completed."  728 F.3d at 1338.  Nonetheless, the court held that "[t]he abstract idea at the heart of [the] system claim … is 'generating tasks [based on] rules ... to be completed upon the occurrence of an event.'"  *Id*. at 1344 (alterations original) (emphasis added); *see also, e.g.*, *Intellectual Ventures*, 792 F.3d at 1366 (abstract idea "does not become nonabstract by limiting [it] to [the] technological environment" of the Internet).  The same was true in *Ultramercial*, *OIP*, *Content Extraction*, and numerous other decisions.

As in those cases—notwithstanding the computer components—the claims here are, at root, directed to an abstract idea:  delaying, as necessary, to ensure that a certain amount of time has passed after one action before a second action is performed.  In Samsung's own words, "'the nub of the invention' is 'delaying commands so that they can be processed,'" precisely as

Defendants argued.  Opening Br. at 2 (quoting D.I. 184 at 175:12-16 (Samsung counsel)). Samsung's opposition acknowledges that the claims invoke that idea:  the computer memory (SDRAM) receives "early commands" and then "delay[s] those commands internally to allow sufficient time between each command."  Opp. at 4.  And, as in the cases discussed, that abstract concept "does not become nonabstract by limiting [it] to [the] technological environment" of computer memory.  *Intellectual Ventures*, 792 F.3d at 1366.

Samsung contends that Defendants "acknowledged at the technology tutorial that the '938 Patent is not directed to an abstract idea" because Defendants observed that the claims purport to describe a novel SDRAM with certain specified components.  Opp. at 10.  That argument highlights Samsung's misunderstanding of the *Alice* analysis.  As discussed, *despite* the claims reciting things like "delay circuitry" and other "specific" components (*id.*)—and even *assuming* the claims are novel—they are still directed to an abstract idea at step one (and ultimately ineligible under § 101).  *See, e.g.*, *Benson*, 409 U.S. at 73 (claims ineligible claims despite reciting "shift registers" and specific algorithm steps); *Flook*, 437 U.S. at 588 (claims ineligible even "assuming [claims were] novel and useful"); *Bancorp Servs. L.L.C. v. Sun Life Assurance Co. of Canada*, 687 F.3d 1266, 1274, 1279 (Fed. Cir. 2012) (claims ineligible despite requiring "particular computing devices, such as a 'generator,' a 'calculator,' and 'digital storage,'" and "'precise and repetitive calculation'"); *buySAFE, Inc. v. Google, Inc*., 765 F.3d 1350, 1352 (Fed. Cir. 2014) (claims can ineligible even if "groundbreaking" or "brilliant").  As the Federal Circuit explained in *Ultramercial*, "the addition of merely novel or non-routine components to the claimed idea" does not make it less abstract at *Alice* step one.  772 F.3d at 715.

Samsung's attempts to cast its claims as a specific computer-based technological improvement present the same arguments the Federal Circuit rejected in recent controlling decisions where the patents purported to provide technological solutions to Internet-specific problems. In *Ultramercial*, the patentee argued that the claims were "directed to a specific method of … content distribution that was previously unknown and never employed on the Internet before." 772 F.3d at 712, 714. In *Intellectual Ventures*, the patentee argued that its claims for customizing web pages "address[ed] problems unique to the Internet." 792 F.3d at 1371. In *Internet Patents Corp. v. Active Network, Inc.*, the patentee argued that its claims recited "a tangible and useful improvement over prior computer-implemented methods of entering information into online application forms." 790 F.3d 1343, 1345 (Fed. Cir. 2015). The Federal Circuit rejected each of those arguments and found the claims directed to abstract ideas at step one of the *Alice* analysis. The same result follows here.

### 2. The Underlying Delay Idea Is Abstract Even If The Claims Do Not "Preempt All Use" Of The Idea

In a similar vein, Samsung argues that its claims are not directed to an abstract idea because they do not "preempt[] all use" of "delay of any kind." Opp. at 14; *see id.* at 12-13 (arguing claims not ineligible unless they "preempt every application" of the abstract idea and "the disclosed mathematical formulas"). That argument misses the mark for two reasons.

First, the abstract idea here is not "delay of any kind" but rather, as Defendants explained, the idea of delaying, as necessary, to ensure that a certain amount of time has passed after one action before a second action is performed. Opening Br. at 11-12. And Samsung's own description of its claims confirms that the claims do no more than recite that abstract idea—*i.e.*, that when the claims provide for setting the CAS latency it just means that the SDRAM will delay a sufficient amount of time if the column access command is received too soon and,

7

otherwise, it will not delay. *See* Opp. at 9. Samsung's own description confirms that the various acronyms are just labels for relevant time periods that occur in any SDRAM—*e.g*., the time between receiving the row access command and the column access command (RCL), the time between receiving the column access command and outputting the data (CL or CAS latency), and so on. *See id*.; *see also* Opening Br. at 3-6. The claims thus seek to broadly preempt the concept of an SDRAM internally delaying a column access command that is received too soon.

Second, while "preemption" is a motivating concern of the *Alice* analysis, it is not a freestanding test. The Supreme Court long ago rejected the argument that claims are eligible as long as they do not "wholly pre-empt" an abstract idea. *Flook*, 437 U.S. at 589 (citation omitted). In *Alice* the Supreme Court set forth the two-step analysis for determining if claims are unduly "pre-empt[ive]." 134 S. Ct. at 2354-55, 2358. The courts determine (at step one) whether the claims are drawn to an abstract idea and *then* (at step two) determine whether they add "enough" to ensure that they are not an ineligible attempt to preempt the idea. *Id*. at 2357.

In *OIP*, for example, the Federal Circuit found that the claims, which recited numerous specific computer-implemented steps, were directed to the abstract idea of "offer-based price optimization" (*i.e*., gathering data from customers' reactions to offers to determine how to set future prices). 788 F.3d at 1362-63. The patentee contended that the claims were only directed to one type of price optimization. The court rejected that argument: "that the claims do not preempt all price optimization or may be limited to price optimization in the e-commerce setting do not make them any less abstract" at *Alice* step one. *Id.* So too here: even if "the claims do not preempt all [use of the abstract delay concept] or may be limited to [use of the concept in SDRAM]" that "do[es] not make them any less abstract." *Id.*

Tellingly, Samsung's total-preemption argument relies in part on the district court's decision in *Intellectual Ventures I LLC v. Mfrs. & Traders Trust Co.*, 76 F. Supp. 3d 536 (D. Del. 2014) (quoted at Opp. 14 n.3), which the Federal Circuit recently repudiated. In *Mfrs. & Traders Trust*, the district court found the claims of a certain patent eligible because they "do not preempt all applications of providing customized web pages, as they recite a specific method of customizing web pages based on user data." *Id.* at 548. But the Federal Circuit later *rejected* that holding and found that very same patent *ineligible* in *Intellectual Ventures*, 792 F.3d at 1369-71. Samsung's preemption argument is legally unsupported and fails.

### 3. The Abstract Idea Exception Is Not Restricted To Business Practices

Finally, to the extent Samsung suggests that the abstract idea category is limited to "generic business practices" or "fundamental economic or longstanding commercial practices" (Opp. at 9, 10), that argument has also been rejected. In *Alice*, the Supreme Court expressly declined to limit the category of abstract ideas. 134 S. Ct. at 2357 ("[W]e need not labor to delimit the precise contours of the "abstract ideas" category in this case."). And the Federal Circuit has, since then, repeatedly found that claims reciting Internet- and computer-focused processes are nonetheless directed to abstract ideas, such as processes for customizing content on a web page (in *Intellectual Ventures v. Capital One*, which Samsung ignores) and maintaining a user's web form entries so the user does not lose information when pressing on a browser's "forward" and "back" buttons (in *Internet Patents Corp.*, which Samsung also ignores). *See also Content Extraction*, 776 F.3d at 1347 (recognizing and storing data from hard copy documents).

### B. *Alice* Step Two:  The '938 Claims Add Nothing Inventive To The Abstract Idea

At step two of the *Alice* analysis, Samsung identifies nothing inventive and instead argues that the claims are eligible because they (1) do not preempt all use of an abstract idea,

(2) provide for improving the "bandwidth" of memory, and (3) cannot be performed by humans. Samsung's arguments are unavailing.

### 1.    Limiting The Abstract Idea To A Technical Environment Adds Nothing Inventive

Samsung concedes (by not contesting) that all of the components in the claims—such as SDRAM, shift registers, sense amplifiers and decoders—are conventional and well-understood, as Defendants argued. Opp. at 15-16; *see also id.* at 4-5 (stating SDRAM is "conventional" and discussing "sense amplifier," "shift register," "decoder," "memory bank" and "memory cells"); Opening Br. at 15-19. Samsung nonetheless contends that the claims are eligible at step two of the *Alice* analysis because they purportedly do not "preempt[]" "all usage" of an abstract idea. Opp. at 15. Samsung is wrong for two reasons.

First, again, total preemption is not the test. *See supra* at 8; *Flook*, 437 U.S. at 589. The inquiry at *Alice* step two turns on whether the claims add "significantly more than" the abstract idea—something sufficiently "inventive"—as opposed to conventional, well-understood, routine components, field of use limitations, or other insignificant activity. *Alice*, 134 S. Ct. at 2355, 2359; *see also, e.g.*, *Intellectual Ventures*, 792 F.3d at 1367, 1370-71; *OIP*, 788 F.3d at 1363. As Defendants argued, the '938 patent claims' limitations—individually or collectively—add only conventional computer implementation, not an inventive concept. Opening Br. at 15-20.[1]

---

[1] Samsung argues that, by not challenging the '938 patent as unpatentable over prior art (in the current motion or in a petition for *inter partes* review ("IPR")), Defendants thereby "seemingly acknowledg[ed] that its claims disclose an inventive concept." Opp. at 16 n.4. But that conflates patent eligibility (§ 101) with the other requirements for patentability (§§ 102 and 103). Indeed, an IPR petition *cannot* raise a § 101 challenge. The Supreme Court and Federal Circuit have held that overcoming prior art is the domain of § 102 (novelty) and § 103 (obviousness), not § 101. In *Flook*, the Supreme Court explained that the § 101 analysis "does not involve the familiar issues of novelty and obviousness that routinely arise under §§ 102 and 103." 437 U.S. at 588. Similarly, in *Ultramercial*, the Federal Circuit explained: "[t]hat some of the [computer-

Second, Samsung's own description of the claims' "very specific type of delay"—*i.e.*, if the SDRAM receives a column access command too soon, it "delays that command internally to allow for sufficient time between commands" (Opp. at 15)—just restates the abstract idea in the context of a technological environment.  But "linking 'the use of the [method] to a particular technological environment,' that is, implementation via computers" in a standard computer memory component (an SDRAM), is not enough at *Alice* step two.  *Alice*, 134 S. Ct. at 2360; *see also, e.g.*, *Internet Patents Corp.*, 790 F.3d at 1349 ("siting the ineligible concept in a particular technological environment" is insufficient); *Intellectual Ventures*, 792 F.3d at 1371 (reciting "'software' 'brain' tasked with" performing abstract idea is insufficient).[2]

### 2.    Purported Benefits Not Found In The Claims Add Nothing Inventive

Samsung repeatedly suggests that the claims represent an improvement in memory technology because they provide for "increasing" or "optimizing" the "bandwidth" of "memory controllers."  *E.g.*, Opp. at 1, 3, 6, 9, 16 n.4, 21.  But those purported benefits are absent from the claims—the claims do not recite any such benefits or features.  Samsung itself cites nothing in the claims or even the specification to support its "bandwidth" argument.  Such purported features, therefore, cannot save Samsung's claims.

The Federal Circuit has rejected similar attempts to supplement the claims for § 101 purposes.  For example, in *Versata Development Group, Inc. v. SAP America, Inc.*, 793 F.3d 1306, 2015 WL 4113722, at *26 (Fed. Cir. July 9, 2015), the patentee (like Samsung) argued that

---

implemented claim] steps were not previously employed in this art is not enough—standing alone—to confer patent eligibility upon the claims at issue" under § 101.  772 F.3d at 716.

[2] Whether the claims are limited to an SDRAM (as in some claims) or, more generally, to "computer memory systems" (as in other claims), *see* Opp. at 5, makes no difference for purposes of § 101 because, either way, the claims do no more than recite the abstract delay idea in a conventional technological environment.

11

the claims recite "'a specific approach … leading to improvements in computer performance and ease of maintenance.'"  But those "supposed benefits [were] not recited in the claims" and thus did not support the claims' eligibility.  *Id.*  In *Intellectual Ventures*, the patentee (also akin to Samsung) argued that the "dynamic presentation of data" and "real time" customization of web pages supplied an inventive concept.  792 F.3d at 1370.  But "[t]he claims [were] not so limited." *Id.*; *see also Accenture*, 728 F.3d at 1345 (holding that "the important inquiry for a § 101 analysis is to look to the claim" and that the inventive concept cannot be drawn from the specification or elsewhere).  Samsung's effort to satisfy § 101 based on speculative features and benefits outside the claims is legally unsupported and fails for the same reason.

### 3. The Purportedly Innovative Step For "Determining" The Delay Amounts To A Mental Process That Adds Nothing Inventive

Samsung acknowledges that the key step of "determining" the necessary delay—the only purportedly innovative feature of the claims—can be performed mentally, as Defendants explained.  *See* Opp. at 19; Opening Br. at 19.  But Samsung argues that "performing one step of a claim is far from practicing the claim" and that the entire claim cannot be performed by "pen and paper" because "a human cannot … achieve the same results as a computer."  Opp. at 19-20 (citation omitted).  The Supreme Court and Federal Circuit have considered—and rejected—that very argument.

In *Benson*, for example, the claims recited computer processor components (including "shift registers") for performing an algorithm (converting binary coded decimal numbers to pure binary) with "no substantial practical application" outside a computer and yet the Supreme Court held that the underlying abstract idea could be performed "mentally."  409 U.S. at 67, 71, 73. Similarly, in *Content Extraction*, the asserted claims recited several computer components (*e.g.*, an "automated digitizing unit") and functions (*e.g.*, "extracting and detecting specific data fields"

12

and "storing data as images or text"). 776 F.3d at 1345, 1347-49. The patentee argued that its claims were eligible under § 101 because "human minds are unable to process and recognize the stream of bits." *Id.* at 1347. The Federal Circuit disagreed, finding the claims ineligible. In *Intellectual Ventures*, the patentee argued that the claims were eligible because "[t]he technology claimed by [the] patent cannot be performed by a human, either in one's mind or otherwise" as the claims recited a computerized "interactive interface" for automatically customizing web page content. Appellant's Br. 29, 28, *Intellectual Ventures I LLC v. Capital One, N.A.*, No. 2014-1506, 2014 WL 3924906, at *29, *28 (Fed. Cir. Aug. 1, 2014). The Federal Circuit again disagreed. 792 F.3d 1363 at 1369-71; *see also, e.g.*, *Versata Dev. Grp.*, 793 F.3d 1306, 2015 WL 4113722, at *26 ("Courts have examined claims that required the use of a computer and still found that the underlying patent-ineligible invention could be performed via pen and paper or in a person's mind."). Here, as in such cases, humans can readily perform the underlying idea (the algorithm for determining whether and how much to delay) and none of the additional computer limitations adds anything inventive. Samsung's argument to the contrary is foreclosed by this precedent.

### C.      Samsung's Other Arguments Lack Merit

As a last-ditch effort, Samsung (1) relies on *DDR Holdings*, *Diehr*, and a handful of district court cases (most of which precede the Federal Circuit's most recent holdings such as *OIP*, *Intellectual Ventures*, and *Internet Patents Corp*.), (2) contends that there are differences among the claims such that it is improper to treat claim 19 as representative (but does not explain how any differences materially impact the § 101 analysis), and (3) suggests that the clear and convincing evidentiary burden applies (but does not point to any factual disputes or explain why that burden would change the outcome here). Those arguments are all wrong.

### 1.     *DDR Holdings* And *Diehr* Do Not Save Samsung's Claims

Rather than seriously consider the numerous controlling Supreme Court and Federal Circuit cases that Defendants identified (most of which Samsung ignores), Samsung relies at both steps of the *Alice* analysis primarily on *DDR Holdings*. Samsung contends that its claims, like those in *DDR Holdings*, are "'necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks.'" Opp. at 2 (quoting *DDR Holdings*, 773 F.3d at 1257). But *DDR Holdings* confirms that Samsung's claims are ineligible.

In *DDR Holdings*, the claims were directed to a website-specific problem and solution with no real world analogy—the problem of website visitors being "instantaneous[ly] transport[ed]" to another location, which does not happen outside the Internet. 773 F.3d at 1258. In contrast, Samsung's claims, on their face, say nothing about "'computer networks'" and do not mention Samsung's purported memory "bandwidth" benefits. Unlike in the *DDR Holdings* claims, the abstract delay concept at the heart of Samsung's '938 patent claims has pre-Internet (even pre-computer) analogues. As Defendants explained, it relates to the same problem humans address any time they must wait in order to avoid performing an action too soon. *See* Opening Br. at 15. Although Samsung argues that such "high-level" analogies are "divorced from the actual claim language," the Federal Circuit made the same type of analogies in *Intellectual Ventures*, 792 F.3d at 1369 (likening claims for customizing web pages to tailoring inserts in newspapers) and *Content Extraction*, 776 F.3d at 1347 (likening claims for digitizing data in documents to a banker reading information off of a check). As in those cases, Samsung's claims "do not address problems unique to the Internet, so *DDR* has no applicability." *Intellectual Ventures*, 792 F.3d at 1371.

14

Even if Samsung's claims were uniquely Internet- or computer-centric, that would not make them patent eligible. As *DDR Holdings* expressly cautioned, "*not* all claims purporting to address Internet-centric challenges are eligible for patent." *Id*. at 1258 (emphasis added). Although that was a condition *necessary* to the outcome in *DDR Holdings*, it was not *sufficient*— the claims still had to add something inventive. *Id.* The *DDR Holdings* claims also "specif[ied] how interactions with the Internet are manipulated to yield a desired result—a result that overrides the routine and conventional sequence of events ordinarily triggered by the click of a hyperlink." *Id*. In contrast, Samsung's claims include no such specific inventive features. *See supra* at 9-13; Opening Br. at 15-20.

Samsung's claims no more provide an inventive solution "necessarily rooted in computer technology" than the Internet-based claims found ineligible in post-*DDR Holdings* cases such as *Internet Patents Corp*., 790 F.3d at 1348-49, and *Intellectual Ventures*, 792 F.3d at 1370-71, and in other recent cases such as *Ultramercial* and *buySAFE*, 765 F.3d at 1354-55. It could equally be said that the claims in those cases provided for results—maintaining the user's Internet form entries (*Internet Patents Corp*.), generating customized web pages based on user characteristics (*Intellectual Ventures*), requiring a user to view an advertisement before receiving online content (*Ultramercial*), and securing an online transaction (*buySAFE*)—that "overr[ode] the routine and conventional sequence of events ordinary triggered by" clicking a web browser's "Back" button (*Internet Patents Corp*.), clicking on a web page (*Intellectual Ventures*), viewing online content (*Ultramercial*), and completing an online transaction (*buySAFE*). Under Samsung's view of

15

*DDR Holdings*, such claims would have been found to be patent eligible.  But they were not.  Nor are Samsung's claims here.[3]

Samsung's reliance on *Diehr* is equally misplaced as the claims here are fundamentally different.  In *Diehr*, the claims were directed to "an industrial process for the molding of rubber products." 450 U.S. at 192-93.  As Samsung acknowledges, the Court found them eligible because they "'transform[ed] or reduc[ed] an article to a different state or thing.'"  Opp. at 18 (quoting *Diehr*, 450 U.S. at 192).  In contrast, the '938 patent claims perform no such transformation and Samsung has not contended otherwise.  *See* Opening Br. at 19 n.9 (arguing claims do not meet the machine-or-transformation test).  *Diehr* is, therefore, inapplicable.  In *OIP*, the Federal Circuit recently rejected the patentee's similar reliance on *Diehr*.  The court explained that, read in light of *Alice*, "*Diehr* does not stand for the general proposition that a claim implemented on a computer elevates an otherwise ineligible claim into a patent-eligible improvement" and that *Diehr* involved claims directed to solving a problem in "'conventional industry practice.'"  *OIP*, 788 F.3d at 1364.  Accordingly, the court found *Diehr* did not save the computer-implemented claims at issue in that case.  The same is true here.[4]

---

[3] Samsung's step one reliance on *DDR Holdings* is particularly misplaced because the court did *not* hold that the claims at issue were patent eligible at step one; rather, it *assumed* the claims *were* directed to an abstract idea.  773 F.3d at 1257.  The Court held that "under any of [the] characterizations of the abstract idea," the "claims satisfy *Mayo/Alice* step two."  *Id*.

[4] The handful of decisions from other district courts that Samsung relies on—including a special master's decision that is currently under review by the district court in *Intellectual Ventures I LLC v. Capital One Fin. Corp*., No. PWG-14-111, 2015 U.S. Dist. LEXIS 62601 (D. Md. May 12, 2015)—all (except one) precede the Federal Circuit's recent guidance in finding claims ineligible in *OIP*, *Intellectual Ventures*, and *Internet Patents Corp*.  The one subsequent district court decision is *Execware, LLC v. BJ's Wholesale Club, Inc*., No. 14-233, 2015 WL 4275314 (D. Del. July 15, 2015).  But in that case the district court expressly premised its § 101 ruling on assuming a narrow construction that was limited to the "'dialog box' as described in the specification."  *Id*. at *16 n.23.  Here, by contrast, the Court has already construed the claims and Samsung did not ask for or receive a construction limited to any such specific embodiments disclosed in the specification.  Samsung ignores the numerous cases in this District and

16

### 2.       Samsung Identifies No Meaningful Differences Among The Claims

Samsung contends that Defendants improperly relied on claim 19 as representative and failed to address the other claims.  Opp. at 20-21.  Samsung contends that "barring any agreement between the parties to the contrary, a movant must show invalidity of all asserted claims rather than any set of 'representative' claims."  Opp. at 20.  Samsung is wrong. Regardless, Defendants did alternatively show why each asserted claim is ineligible.

In *Content Extraction*, the patentee opposed addressing all of the claims together but failed to identify any meaningful differences.  *See* 776 F.3d at 1348-49, *affirming* No. 12-2501, 2013 WL 3964909, at *5 (D.N.J. July 31, 2013); *see also* Pls' Br. in Opp. to Defs' Mot. to Dismiss at 1, 4, 2012 WL 8024229 (opposing defendants' motion to dismiss because it "fail[ed] to address the vast majority of the claims in the patents-in-suit" and "[o]f the total of 242 claims, Defendants quoted and offered a token analysis of only two").  The district court treated certain claims as representative, over the patentee's objections.  2013 WL 3964909, at *5.  The Federal Circuit affirmed, holding that district court did not need to separately address each of the 242 claims because they were all "'substantially similar and directed to the same abstract idea.'"  776 F.3d at 1348 (quoting 2013 WL 3964909, at *5).  In any event, the Federal Circuit further examined each of the additional limitations the patentee identified on appeal and found none added anything inventive.  *Id.* at 1348-49.  Similarly, in *In re TLI Communications*, a court in this district held, over the patentee's objection, that a claim is representative for purposes of § 101.  *In re TLI Communications LLC Patent Litigation*, --- F. Supp. 3d ----, 2015 WL 627858, at *17 (E.D. Va. Feb. 6, 2015) (Ellis, J.).  The court explained that the patentee "takes too narrow a view of what a 'representative' claim is" and that when claims "'contain only minor

---

elsewhere finding computer-implemented claims ineligible under § 101.  *See* Opening Br. at 8-9 & n.5.

17

differences in technology [but] require performance of the same basic process … they should rise or fall together.'"  *Id.* (quoting *Accenture*, 728 F.3d at 1344).  In any event, the court held that nothing in the other claims added anything inventive.  *Id.* at \*18.  That is true here.

First, as in *Content Extraction* and *In re TLI Communications*, Defendants properly relied on claim 19 as representative because the claims are all substantially similar and directed to the same abstract idea.  Opening Br. at 7-8, 12.  Samsung concedes that all of the asserted claims are "similar in their disclosure of methods or systems" but nonetheless argues that claim 19 should not be treated as representative because the claims purportedly "differ in their approach to solving these timing issues" and have "fundamental differences in scope."  Opp. at 5, 21.  But because Samsung (notably) fails to explain why any differences matter for purposes of § 101, the Court need not consider the claims separately and all of the claims fall with representative claim 19.  *See Content Extraction*, 776 F.3d at 1348; *see also Dealertrack*, 674 F.3d at 1331 (court will not "separately address[]" claims that were not "separately argued" by the patentee).

Second, as in *Content Extraction* and *In re TLI Communications*, none of the other asserted claims is eligible even considered separately, as Defendants also argued.  *See* Opening Br. at 12 & n.6, 16-19; *Content Extraction*, 776 F.3d at 1348-49.  Samsung points out that certain other claims "include[] various computer components" such as a "shift register" and a "decoder," recite an "SAE timing requirement," or "are expressly limited to an SDRAM."  Opp. at 5.  None of those limitations, however, adds anything inventive, as Defendants explained.  Opening Br. at 16-19.  Samsung ignores that discussion and fails to even suggest that any of those features are unconventional or add enough to make the asserted claims patent-eligible.[5]

---

[5] Samsung does not contest that, as Defendants argued, SAE (as recited in claims 8, 17, and 24) is the same as $RCL_{min}$, for purposes of this motion and that the claims reciting SAE involve the same delay concept as the other claims.  *See* Opening Br. at 7-8 & n.4.

Whether considered collectively or individually all of the claims are invalid under § 101.

### 3. The '938 Patent Claims Are Ineligible As A Matter Of Law Without Additional Factual Development

Finally, Samsung argues that defendants bear a "heavy burden" to show ineligibility under § 101 by "clear and convincing evidence." Opp. at 7. But Samsung does not identify any factual dispute that requires extrinsic evidence—clear and convincing or otherwise—and does not contend that it is improper to resolve the § 101 inquiry on the pleadings in this case. *See* Opp. 6-7, 11 n.2.

The Supreme Court (in *Alice* and other cases) resolved § 101 patent-eligibility as a matter of law without mentioning the "clear and convincing" standard that Samsung espouses. That is unsurprising because "[w]here the ultimate question of patent validity turns on the correct answer to legal questions," the clear and convincing evidence standard "has no application." *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2253 (2011) (concurrence). The Federal Circuit routinely finds claims ineligible as a matter of law at the pleading stage without mentioning or requiring any "evidence" beyond the patent itself. Opening Br. at 8.[6] Here, as in such cases, Defendants' motion is based not just on the "attorney argument" that Samsung derides (Opp. at 7), but on the text of the claims and binding precedent, as discussed above and in Defendants' opening brief. As in such cases, Samsung's '938 patent claims are ineligible as a matter of law—under any standard.

---

[6] Samsung relies on *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335 (Fed. Cir. 2013), for the proposition that clear and convincing evidence is required. But the Supreme Court vacated that opinion in light of *Alice* and the Federal Circuit's superseding opinion tellingly does not state that the standard applies where, as here, § 101 is a legal issue. *See Ultramercial*, 772 F.3d at 709; *see also In re TLI Communications*, 2015 WL 627858, at *19 n.47.

## III.    CONCLUSION

For the foregoing reasons and those stated in Defendants' opening brief, Defendants respectfully ask for judgment on the pleadings that the asserted claims of the '938 patent are invalid under § 101, and for any other relief the Court deems just.

NVIDIA CORPORATION
OLD MICRO, INC.
F/K/A VELOCITY MICRO, INC.
VELOCITY HOLDINGS, LLC


By: _____/s/_____
          Of Counsel

Robert A. Angle, VSB No. 37691
robert.angle@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
T: (804) 697-1200
F:  (804) 697-1339

Maximilian A. Grant (admitted *pro hac vice*)
max.grant@lw.com
Gabriel K. Bell (admitted *pro hac vice*)
gabriel.bell@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Ste. 1000
Washington, DC 20004
Tel: (202) 637-2200; Fax: (202) 637-2201

Clement J. Naples (admitted *pro hac vice*)
clement.naples@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Tel: (212) 906-1200; Fax: (212) 751-4864

Ron E. Shulman (admitted *pro hac vice*)
ron.shulman@lw.com
Richard G. Frenkel (admitted *pro hac vice*)
rick.frenkel@lw.com

20

Lisa K. Nguyen (admitted *pro hac vice*)
lisa.nguyen@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Tel: (650) 328-4600; Fax: (650) 463-2600

Julie M. Holloway (admitted *pro hac vice*)
julie.holloway@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600; Fax: (415) 395-8095

Ann Marie T. Wahls (admitted *pro hac vice*)
annmarie.wahls@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: (312) 876-7700; Fax: (312) 993-9767

Counsel for NVIDIA Corporation,
Old Micro, Inc. f/k/a Velocity Micro, Inc.,
and Velocity Holdings, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2015, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert W. McFarland
rmcfarland@mcguirewoods.com
McGuire Woods LLP
101 W. Main Street, Suite 9000
Norfolk, VA 23510

Brian C. Riopelle
briopelle@mcguirewoods.com
McGuire Woods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219

Darin W. Snyder
dsnyder@omm.com
Alexander B. Parker
aparker@omm.com
Elysa Q. Wan
ewan@omm.com
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

Vision L. Winter
vwinter@omm.com
Ryan K. Yagura
ryagura@omm.com
O'Melveny & Myers LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071

Mishima Alam
malam@omm.com
O'Melveny & Myers LLP
1625 Eye Street NW
Washington, DC 20006

Counsel for Samsung Electronics Co., Ltd. and
Samsung Electronics America, Inc.

_____/s/_____
Robert A. Angle (VSB No. 37691)
robert.angle@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile:  (804) 697-1339