**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Plaintiffs, <br><br> -vs.- <br><br> NVIDIA CORPORATION, VELOCITY MICRO, INC. D/B/A VELOCITY MICRO, AND VELOCITY HOLDINGS, LLC, <br><br> Defendants. | Civil Action No. 3:14-cv-757-REP |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR ISSUANCE OF LETTERS ROGATORY**

NVIDIA Corporation ("NVIDIA") and Velocity Holdings, LLC ("Velocity") (collectively, "Defendants") respectfully submit this memorandum in support of their motion for issuance of letters rogatory attached hereto as Exhibit 4 to the Rubin Declaration. Defendants request that this Court issue Letters Rogatory to the appropriate judicial authority of Canada seeking discovery from TechInsights, Inc. ("TechInsights"). Samsung does not oppose Defendants' request.

**BACKGROUND**

NVIDIA is a world leader in the field of graphic computing and design. Velocity Holdings designs high-performance desktop and mobile computers that incorporate NVIDIA's GPU products. Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") allege that Defendants' products infringe U.S. Patent No. 6,262,938 (the "'938

1

Patent"), U.S. Patent No. 6,287,902 (the "'902 Patent"), U.S. Patent No. 6,819,602 (the "'602 Patent"), U.S. Patent No. 8,252,675 (the "'675 Patent"), and U.S. Patent No. 6,804,724 (the "'724 Patent") (collectively the "Asserted Patents"). TechInsights is a Canadian corporation that performs analysis, testing, inspection, reverse engineering, and evaluation of semiconductor devices. Samsung has retained TechInsights to perform analysis of NVIDIA's accused products in this litigation.

In support of its defense that the '675 Patent and '902 Patent are invalid, Defendants intend to rely upon structural reports about the Intel Penryn microprocessor and the IBM PowerPC 603e microprocessor prepared by Semiconductor Insights, Inc., a company acquired by TechInsights. These Semiconductor Insights reports are important evidence of invalidity. They are printed publications that predate Samsung's patents and disclose the claimed inventions. They are also evidence of commercial products that were on sale in the United States and practiced the claimed inventions. Defendants seek to establish key facts concerning how these Semiconductor Insights reports were prepared and distributed for use in order to prove the invalidity of the patents-in-suit at trial.

Defendants served discovery requests on an American subsidiary of TechInsights, TechInsights USA Inc. ("TI-USA"), on August 6, 2015. (Rubin Decl., Ex. 1, TI-USA Subpoena.) On previous occasions, TI-USA has provided relevant documentation regarding reverse engineering reports in response to subpoenas served by NVIDIA. The subsidiary forwarded the subpoena to TechInsights. In a letter dated August 10, 2015, TechInsights informed Defendants that TI-USA was not in possession of the relevant documentation, and directed Defendants to proceed with discovery through the issuance of letters rogatory. (Rubin Decl., Ex. 2, Letter From A. Forster to C. Naples.) Attorneys representing NVIDIA contacted

TechInsights' outside counsel and sought to negotiate an agreement for TechInsights to voluntarily provide the discovery sought.  On August 21, TechInsights' counsel sent an email confirming that TechInsights would not provide any discovery unless compelled by a court with jurisdiction in Ontario.  (Rubin Decl., Ex. 3, Email From A. Forster to E. Chiu.)  On August 28, Defendants attempted to subpoena TechInsights directly through service on individuals in the United States who are believed to be officers of the company.  (Rubin Decl., Ex. 4, TechInsights Subpoena.)  Defendants hope to obtain TechInsights's cooperation with their discovery requests, particularly since TechInsights has been retained by Samsung in connection with this litigation.  Nonetheless, Defendants can no longer tolerate delay in obtaining discovery concerning the Intel Penryn and IBM PowerPC 603e reports, and must bring this motion in order to preserve their rights to obtain this discovery.

## ARGUMENT

Defendants request that this Court issue letters rogatory to the Ontario Superior Court of Justice to obtain documents and testimony from TechInsights.  Canada is not a signatory to the Hague Convention of 18 March 1970 on Taking Evidence Abroad in Civil or Commercial Matters.  Thus, discovery must be obtained through letters rogatory issued by this Court to the appropriate Canadian court.  The Department of State is authorized "to receive a letter rogatory issued . . . by a tribunal in the United States, to transmit it to the foreign or international tribunal . . . and to receive and return it after execution."  28 U.S.C. § 1781.

This Court has the "inherent authority to issue letters rogatory," within the exercise of its sound discretion.  *United States v. Jefferson*, 594 F. Supp. 2d 655, 675 (E.D. Va. 2009) (citing *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958)).  "[S]ome good reason must be shown by the opposing party for a court to deny an application for a letter rogatory."  *DBMS*

*Consultants Ltd. v. Computer Associates Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990) (collecting authorities). The most important factor for the Court to consider is "the relevancy and importance of the sought after information." *Progressive Minerals, LLC v. Rashid*, No. 5:07-CV-108, 2009 WL 1789083, *2-3 (N.D. W. Va. June 23, 2009).

The discovery sought by Defendants through letters rogatory is both relevant and important to this case. Defendants anticipate relying upon the Intely Penryn and IBM PowerPC 603e reports at trial to show the invalidity of Samsung's asserted patents at trial. The documents and testimony sought by Defendants will provide contextual information necessary to fully understand these reports.

Concerns about delay should not prevent the Court from issuing letters rogatory in this matter. Defendants have diligently sought alternate avenues for obtaining this discovery since their initial subpoena on TI-USA was served, including the preparation of the attached letters rogatory. In addition, Samsung recently filed a motion for issuance of letters rogatory directed to entities in Taiwan, China, and Japan that this Court granted on August 27, 2015. (D.I. 244, Order Granting Motion for Issuance of Letters Rogatory.) Any additional delay that might result from consideration of Defendants' request by a Canadian court will not be unfairly prejudicial to Samsung.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the attached letters rogatory to the Ontario Superior Court of Justice should issue.

                    NVIDIA CORPORATION
                    VELOCITY MICRO, INC.
                    D/B/A VELOCITY MICRO
                    VELOCITY HOLDINGS, LLC


By:       /s/      
       Of Counsel

Robert A. Angle, VSB No. 37691
robert.angle@troutmansanders.com
Dabney J. Carr, IV, VSB No. 28679
dabney.carr@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
T: (804) 697-1200
F: (804) 697-1339

Clement J. Naples (admitted *pro hac vice*)
clement.naples@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Tel: (212) 906-1200; Fax: (212) 751-4864

Counsel for NVIDIA Corporation
Velocity Micro, Inc. d/b/a Velocity Micro
and Velocity Holdings, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of September, 2015, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert W. McFarland
rmcfarland@mcguirewoods.com
Sarah K. McConaughy
smcconaughy@mcguriewoods.com
McGuire Woods LLP
101 W. Main Street, Suite 9000
Norfolk, VA 23510

Sean F. Murphy
sfmurphy@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, VA 22102-4215

Darin W. Snyder
dsnyder@omm.com
Alexander B. Parker
aparker@omm.com
Elysa Q. Wan
ewan@omm.com
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

Vision L. Winter
vwinter@omm.com
Ryan K. Yagura
ryagura@omm.com
Michael A. Koplow
O'Melveny & Myers LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071

Mishima Alam
malam@omm.com
O'Melveny & Myers LLP
1625 Eye Street NW
Washington, DC 20006

Counsel for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

/s/

Robert A. Angle (VSB No. 37691)
robert.angle@troutmansanders.com
Dabney J. Carr, IV (VSB No. 28679)
dabney.carr@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile:  (804) 697-1339