IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAMSUNG ELECTRONICS CO., LTD.,

    Plaintiff,

v.                                        Civil Action No. 3:14cv757

NVIDIA CORPORATION,
et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on DEFENDANTS' MOTION TO SUPPLEMENT DEFENDANTS' WITNESS LIST (Docket No. 677). For the foregoing reasons, the motion has been denied (see ORDER, Docket No. 692).

## BACKGROUND

An important issue in this case is whether the defendant, NVIDIA Corporation ("NVIDIA")[1] is liable for pre-suit damages if it is found to have infringed the 6,287,902 and 8,252,675 patents. A key component of that determination is whether NVIDIA controlled its supplier, Taiwan Semiconductor Manufacturing Co. ("TSMC").

On December 16, 2015, the Court issued a Memorandum Opinion (Docket No. 602) that, inter alia, outlined the kind of proof

---

[1] The other defendants, Old Micro, Inc. and Velocity Holdings, LLC, have been dismissed upon agreement of the parties.

that could be used to show whether NVIDIA controls the manufacturer of a product that is alleged to infringe two patents-in-suit in this action. Thereafter, on December 29, 2015, Samsung Electronics Co., Ltd. ("Samsung") moved to amend the Final Pretrial Order to supplement its designations of the discovery provided by NVIDIA that was to be used at trial. Specifically, Samsung wanted to add NVIDIA's response to Interrogatory No. 10 (Docket No. 610). Samsung's motion was granted by Order entered on January 15, 2016 (Docket No. 659) ("January 15 Order). That Order also contained the following provisions:

> If the Defendants perceive that the granting of this motion and the adding of the Answer [to Interrogatory No. 10] to the matters that will be received in evidence necessitate, on their part, the addition of other designations or of other evidence, it is further ORDERED that: (i) they shall ... file a motion to that effect, therein identifying specifically the proposed additional evidence or designation, and shall file a supporting brief explaining the need for the addition sought in the motion.
> . . .

A briefing scheduled was established for submission of additional designations. Oral argument was heard on January 19, 2016.

In response to that authorization in the January 15 Order, NVIDIA filed a motion seeking to add its Executive Vice President of Operations, Debora Shoquist, as a witness to

2

testify about the statements that were made in NVIDIA's response to Interrogatory No. 10 and the context for the response.

## DISCUSSION

Samsung contends that, under the test in Koch v. Koch Inds., Inc., 203 F.2d 1202, 1222 (10th Cir. 2000), Fed. R. Civ. P. 16(e) permits amendment of a Final Pretrial Order only to prevent manifest injustice, and that NVIDIA has not shown manifest injustice. Both parties agree that the decision in Koch provides the appropriate measure for assessing NVIDIA's motion to amend the Final Pretrial Order to add Ms. Shoquist as a witness. Those factors are: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." Koch v. Koch Indus., Inc., 203 F.2d at 1222. Of course, in this case, the proposed amendment to the Final Pretrial Order does not involve the addition of a new issue, but rather the addition of a new witness to address an existing issue. Nonetheless, both parties agree that the Koch analysis applies here.

1. **Whether There Is Surprise Or Prejudice**

The record is clear that Samsung was surprised by the addition of Ms. Shoquist as a potential witness because she had

3

never been disclosed, under Fed. R. Civ. P. 26(a), as a knowledgeable person on any issue. NVIDIA provided its initial disclosures under Rule 26(a) and provided three updates thereto, and Ms. Shoquist's name did not appear on any of the updates. To the contrary, the persons identified in the updated response who were identified to testify about the relationship between TSMC and NVIDIA was John Montrym and Dr. James Chen.

Further, when NVIDIA was called upon to designate, under Fed. R. Civ. P. 30(b)(6), a witness to testify on the relationship between NVIDIA and TSMC, including the contracts and agreements with that company, Dr. Chen was designated as the person to testify, not Ms. Shoquist. Finally, at oral argument, NVIDIA's counsel acknowledged that there are four witnesses who are to testify about the topic for which Mr. Shoquist is now tendered. On this record, it is clear that Samsung was surprised by the naming of Ms. Shoquist.

Also, it appears that Samsung will be prejudiced by the addition of testimony from a witness whose identity was never disclosed as pertinent to the issue of whether NVIDIA has control over TSMC sufficient to call into play the obligation of NVIDIA for pre-suit damages. See U.S.C. §§ 287(b). Having taken depositions of the Rule 30(b)(6) deponents and the other people who have knowledge of the topic, Samsung has prepared its case, and granting this motion would require Samsung to take

4

depositions on eve of trial (jury selection is to occur on January 21, 2016 and the trial is to start on January 25, 2016). The tendering of a never-before identified witness on this topic prejudices Samsung.

## 2. Whether The Prejudice Can Be Cured

At this stage of the proceedings, it is difficult to perceive how the prejudice of having a previously unidentified witness brought to the fore can be cured. It is true that the Court could allow deposition of that person and that that process would provide some ability to cross-examine the witness. However, because discovery is closed, Samsung would not be able to pursue additional paths of discovery that her testimony might reveal. Nor would the proximity of trial allow for such a course.

## 3. Whether The Amendment Would Disrupt An Orderly And Efficient Trial

The keystone of an efficient trial is preparation and preparation for this trial has been underway for some time. Commencement of the trial is only a few days away and it would disrupt the orderly and efficient conduct of the trial to require adjustment of the trial preparations to accommodate the testimony of this new witness on this topic.

### 4. Whether NVIDIA Acted In Bad Faith

Samsung contends that NVIDIA has acted in bad faith because it is identifying a witness to replace others who may not be effective as she is in providing testimony. The Court cannot make such a conclusion. The record reflects that, in response to the provision in the Order granting NVIDIA the opportunity to add a previously sworn-to interrogatory response, NVIDIA assessed whether it needed another witness and presented its case in good faith to the Court. This factor therefore certainly does not cut against NVIDIA in the Koch analysis.

Although not one of the Koch factors that are considered when assessing whether not allowing the witness to be added will work a manifest injustice, it seems necessary to assess the impact on NVIDIA of a decision denying its motion. The record shows that denial of the motion will not adversely affect NVIDIA.

NVIDIA acknowledges that there are perhaps four witnesses (and definitely two) whom it will call to testify about the issue of control as it is presented in the context of the pre-suit damages issue. And, at oral argument on the motion, counsel for NVIDIA candidly acknowledged that Ms. Shoquist would say nothing that was not to be presented by these other previously identified witnesses. Under the circumstances, the

6

Court cannot conclude that denial of the motion will prejudice NVIDIA.

## CONCLUSION

For the foregoing reasons, and because NVIDIA has not shown that amendment of the Final Pretrial Order is necessary to prevent manifest injustice, DEFENDANTS' MOTION TO SUPPLEMENT DEFENDANTS' WITNESS LIST (Docket No. 677) has been denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 27, 2016