**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| SAMSUNG ELECTRONICS CO. LTD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:14cv757-REP |
| | ) |
| NVIDIA CORPORATION | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**
**PURSUANT TO FED. R. CIV. P. 50(a)**

**TABLE OF CONTENTS**

I.     INTRODUCTION .......................................................................................................1

II.    RELEVANT FACTUAL BACKGROUND....................................................................2

III.   ARGUMENT ..............................................................................................................2

       A.     The Legal Standard for Judgment As a Matter of Law and Application of
              Federal Rule of Evidence 703...................................................................................2

       B.     Ms. Lawton Cannot Opine On Damages Based On Cost Estimates Of
              Non-Infringing Alternatives.....................................................................................3

              1.     Under the Controlling Fourth Circuit Law, Ms. Lawton Could Not
                     Rely On Expert Reports Specifically Prepared For Litigation or
                     Conversations With Other Experts .............................................................4

              2.     Separately, Under Controlling Fourth Circuit Law, Ms. Lawton
                     Could Not Testify About Dr. Madisetti's Expert Report or Phone
                     Discussion Because the Probative Value Does Not Substantially
                     Outweigh the Prejudicial Effect..................................................................5

IV.    CONCLUSION............................................................................................................6

## TABLE OF AUTHORITIES

### CASES

*Dura Automotive Systems v. CTS Corp.*,
  285 F.3d 609 (7th Cir. 2002) ............................................................................. 4, 5

*Price v. City of Charlotte*,
  93 F.3d 1241 (4th Cir. 1996) ............................................................................... 2

*United States v. Mejia*,
  545 F.3d 179 (2d Cir. 2008) ................................................................................ 5

*United States v. Tran*,
  18 F.3d 1132 (4th Cir. 1994) ............................................................................ 4, 6

### RULES

Fed. R. Civ. P. 26(a)(2)(B)(i) ............................................................................... 6

Fed. R. Civ. P. 50(a)(1) ........................................................................................ 2

Fed. R. Evid. 703 ............................................................................................. 3, 4

Fed. R. Evid. 801 ................................................................................................. 3

### OTHER AUTHORITIES

Charles Alan Wright & Victor James Gold,
  *Federal Practice and Procedure: Evidence* § 6273 (1997) ...................................... 5

Defendant NVIDIA Corp. ("NVIDIA") respectfully moves for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). At the close of Plaintiff Samsung Electronics Co. Ltd.'s ("Samsung's") case-in-chief, no reasonable jury would have a legally sufficient basis to find any damages for U.S. Patent No. 6,819,602 ("'602 patent") under § 284. Thus, there can be no damages for the '602 patent.

## I.   INTRODUCTION

Samsung failed to present sufficient evidence upon which to find damages for the '602 patent under § 284. Ms. Lawton relied on an out-of-court opinion of Plaintiff's technical expert (Dr. Madisetti) that adopting non-infringing alternatives to the '602 patent would cost NVIDIA $2-4 million. Dr. Madisetti purportedly conveyed that opinion to Ms. Lawton in a verbal interview and Dr. Madisetti's opinion is not memorialized in any of his expert reports. But Ms. Lawton (a person trained in finance) is not independently qualified to discuss the technically complex subject of cost of non-infringing semiconductor design alternatives. When Dr. Madisetti testified at trial before Ms. Lawton testified, he *provided no opinion as to the cost of non-infringing alternatives*. Nor has *anyone* else for Samsung. There is thus no record evidence – none – of the cost of non-infringing alternatives for the '602 patent.

Under the Federal Rules of Procedure and Evidence, and Fourth Circuit law, it is plain legal error for Ms. Lawton to offer any damages opinion based on the cost of non-infringing alternatives. Without the testimony of Dr. Madisetti, Ms. Lawton had no basis to offer her opinions, and there is no evidence upon which a reasonable jury would have a legally sufficient basis to find any damages for the '602 patent.

## II.     RELEVANT FACTUAL BACKGROUND

During Samsung's case-in-chief, the following evidence was presented:

➢  On Friday, January 29, 2016, Dr. Madisetti's trial testimony omitted *any* testimony on the cost of non-infringing alternatives in 2004 *or* 2008.[1]  (January 29, 2016, Trial Tr. at 776-876.)  In fact, *no witness* has provided testimony on the subject.

➢  Dr. Madisetti told Ms. Lawton, in an unrecorded interview, that the cost of non-infringing alternatives would be $2-4 million.  (February 1, 2016, Trial Tr. at 1045:20-1046:4, 1047:16-19.)  Dr. Madisetti's provided no report for that cost estimate.

➢  Ms. Lawton (Samsung's damages expert) based her damages opinion for the '602 patent on Dr. Madisetti's $2-4 million estimate for the cost of non-infringing alternatives.  (February 1, 2016, Trial Tr. at 1015:16-19, 1064:16-23.)

➢  Ms. Lawton (a person trained in finance) is not independently qualified to discuss the technically complex subject of cost of non-infringing semiconductor design alternatives, or to lay the foundation for such costs.  (February 1, 2016, Trial Tr. at 1069:3-8, 1070:22-24.)

## III.    ARGUMENT

### A.     The Legal Standard for Judgment As a Matter of Law and Application of Federal Rule of Evidence 703

Judgment as matter of law is appropriate if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a)(1).  Judgment as a matter of law should be entered "when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment."  *Price v. City of Charlotte*, 93 F.3d 1241, 1249 (4th Cir. 1996) (citation and quotation omitted).

---

[1]   Dr. Madisetti was qualified "in the field of memory systems technology."  (January 29, 2016, Trial Tr. at 776:2-6.)  The issues of (a) whether he is qualified to provide opinion testimony on the *cost* of non-infringing alternatives; and (b) the soundness of his cost estimates if they were admissible, are both hotly disputed.

Under Federal Rule of Evidence 703, when an expert seeks to testify based on otherwise inadmissible evidence, two requirements must be satisfied.  First, an expert may rely on inadmissible facts or data only if "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject."  Fed. R. Evid. 703.  Second, if the first requirement is met, the expert still may only disclose the inadmissible facts or data to the jury only if "their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect."  *Id*.

### B.    Ms. Lawton Cannot Opine On Damages Based On Cost Estimates Of Non-Infringing Alternatives

Ms. Lawton (Plaintiff's damages expert) testified about the amount of damages based on Dr. Madisetti's (Plaintiff's technical expert's) out-of-court opinion estimating the cost to NVIDIA to adopt some unspecified form of technology that would not infringe the '602 patent. (February 1, 2016, Trial Tr. at 1045:20-1046:4, 1047:16-19.)  However, there is no admissible evidence (and Plaintiffs did not attempted to admit any) on the cost of non-infringing alternatives.  *No one*, including Dr. Madisetti, offered any such testimony.  Ms. Lawton's testimony about Dr. Madisetti's out-of-court statements in his report or in his phone calls with Ms. Lawton are inadmissible hearsay.  *See* Fed. R. Evid. 801.  And Ms. Lawton, whose education and training is in the area of finance, not semiconductor design, is not independently qualified to opine on the technical cost of non-infringing alternatives.  (February 1, 2016, Trial Tr. at 1069:3-8, 1070:22-24.)

Under Rule 703, Ms. Lawton could only rely on and testify about Dr. Madisetti's out-of-court opinions on the cost of non-infringing alternatives only if the two requirements discussed above are met—*i.e.*, only if (1) "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject" *and* (2) "their probative value in

3

helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R.

Evid. 703.  Neither of the two mandatory requirements were met.

> ### 1.    Under the Controlling Fourth Circuit Law, Ms. Lawton Could Not Rely On Expert Reports Specifically Prepared For Litigation or Conversations With Other Experts

First, under Rule 703 and Fourth Circuit law, Dr. Madisetti's prior report and verbal

interview with Ms. Lawton are not the type of evidence upon which experts "would reasonably

rely." *Id.*  The Fourth Circuit's decision in *Tran* is directly on point.  *United States v. Tran*, 18

F.3d 1132, 1143-44 (4th Cir. 1994) (reversing and remanding).  In *Tran*, the court found that an

expert's testimony was improper under Rule 703 because it was based on another expert's

inadmissible report.  *Id.* (excluding expert testimony).   The Fourth Circuit held:

> ***Reports specifically prepared for purposes of litigation are <u>not</u>, by definition, "of a type reasonably relied upon by experts in the particular field."***  Even though an expert witness may base his opinion on underlying information, it does not follow that the otherwise inadmissible information may come into evidence just because it has been used by the expert in reaching his opinion.

*Id.* at 1143 (citation omitted) (emphasis added).  The Fourth Circuit held that "conversations with

other [experts]" and "hearsay evidence in the form of opinions of non-testifying experts

contained in … reports used by [the] testifying expert" should be excluded.  *Id*. at 1144.  The

same conclusion follows here.  As in *Tran*, under Rule 703, Ms. Lawton could not base her

testimony on Dr. Madisetti's inadmissible out-of-court opinions (his report or phone calls) on the

cost of non-infringing alternatives to the '602 patent.  *See id*. at 1143-44.  Dr. Madisetti was

required to provide that testimony during trial, so that it could be tested by cross-examination

and so that his testimony could become part of the evidentiary record.  He did not.

The holding in *Dura Automotive Systems v. CTS Corp.*, 285 F.3d 609 (7th Cir. 2002)

(Posner, J.), is also instructive.  In *Dura Automotive*, the court held that, under Rule 703, an

expert could not testify based on the opinion of another (non-testifying) expert in a different field where the "the soundness of the underlying expert judgment is in issue" because that would improperly make the testifying expert a mere "mouthpiece of a scientist in a different specialty," contrary to basic *Daubert* requirements. *Id.* at 614. Dr. Madisetti, likewise, is a non-testifying expert on the cost of non-infringing alternatives. Because the "soundness" of Dr. Madisetti's cost estimates is disputed and Ms. Lawton is not a technical expert, Ms. Lawton should not act as a "mouthpiece" to convey, via hearsay, Dr. Madisetti's cost opinions to the jury. *See id.*[2]

> **2.      Separately, Under Controlling Fourth Circuit Law, Ms. Lawton Could Not Testify About Dr. Madisetti's Expert Report or Phone Discussion Because the Probative Value Does *Not* Substantially Outweigh the Prejudicial Effect**

Second, Ms. Lawton testimony and reliance upon Dr. Madisetti's out-of-court opinions was highly prejudicial—outweighing any probative value to the jury—because it allowed Plaintiff to circumvent the restrictions on hearsay evidence and strip Defendant of its right to cross-examine Dr. Madisetti on his cost estimates.[3]

The Fourth Circuit's controlling holding in *Tran* is, again, directly on point. In *Tran*, the Fourth Circuit held that it would be "prejudicial" and "unfair" to the defendant for a testifying expert to convey an opinion from another expert's report because it was hearsay and would

---

[2]  *See also*, *e.g.*, *United States v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008) ("The expert may not … simply transmit that hearsay to the jury. When an expert is no longer applying his extensive experience and a reliable methodology, *Daubert* teaches that the testimony should be excluded." (citation and quotation omitted)); Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure: Evidence* § 6273 (1997) ("Rule 703 does not authorize admitting hearsay on the pretense that it is the basis for expert opinion when, in fact, the expert adds nothing to the out-of-court statements other than transmitting them to the jury.").

[3]  The Court's instruction to the jury that "whether what Dr. Madisetti told [Ms. Lawton] is true or correct is not something she's capable of testifying about or can even say" does not correct this prejudice. (February 1, 2016, Trial Tr. at 1052:15-17.) Dr. Madisetti's testimony in court on other subjects lends weight and credibility to his out-of-court statements that Ms. Lawton relies upon.

"den[y] [the defendant's] fundamental right to cross-examination."   18 F.3d at 1143-44 (excluding expert testimony).   The same is true here.   When Dr. Madisetti testified in court, Plaintiff's experienced trial counsel apparently made the strategic decision not to elicit *any* testimony about Dr. Madisetti's opinions on the cost of adopting non-infringing alternatives, thereby depriving Defendant of any opportunity to cross examine Dr. Madisetti on this hotly disputed point.[4]   Without a report or trial testimony on the cost or acceptability of a non-infringing alternative, Dr. Madisetti was a non-testifying expert about these topics.   As in *Tran*, it was unfair and prejudicial to permit Plaintiff to circumvent hearsay restrictions and shield Dr. Madisetti from cross-examination by eliciting his testimony through Ms. Lawton.

* * * * *

Because there is no record evidence on the cost of non-infringing alternatives (from Dr. Madisetti or otherwise) and the requirements of Rule 703 are not satisfied, Ms. Lawton could not rely on any such cost estimates in her damages testimony.   Under the controlling Fourth Circuit law in *Tran*, Ms. Lawton's had no basis for her testimony on the cost of non-infringing alternatives to the '602 patent.   Without her testimony, no reasonable jury would have a legally sufficient basis to award damages for the '602 patent.

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant NVIDIA's motion for judgment as a matter of law pursuant to Rule 50(a) that no reasonable jury would have a legally sufficient basis to find any damages for the '602 patent under § 284.

---

[4]   Dr. Madisetti would have been barred from testifying about the purported cost of non-infringing alternatives being $2-4 million because he failed to disclose that estimate in his written reports.   (*See* January 28, 2016, Trial Tr. at 488:19-21 (THE COURT: "as is the case with all experts," it must "be in his report if he's going to testify about it"); Fed. R. Civ. P. 26(a)(2)(B)(i).)   At most, he could have testified about a $1-2 million estimate disclosed in his expert report.   But he failed to do even that.   (*See* January 29, 2016, Trial Tr. at 776-876.)

Dated: February 5, 2016

Respectfully submitted,

By: /s/ Robert A. Angle
Robert A. Angle, VSB No. 37691
robert.angle@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
T: (804) 697-1200
F:  (804) 697-1339

Maximilian A. Grant (admitted *pro hac vice*)
max.grant@lw.com
Jonathan Link (admitted *pro hac vice*)
jonathan.link@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Ste. 1000
Washington, DC 20004
Tel: (202) 637-2200; Fax: (202) 637-2201

Clement J. Naples (admitted *pro hac vice*)
clement.naples@lw.com
Michael A. David (admitted *pro hac vice*)
michael.david@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Tel: (212) 906-1200; Fax: (212) 751-4864

Ron E. Shulman (admitted *pro hac vice*)
ron.shulman@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Tel: (650) 328-4600; Fax: (650) 463-2600

Julie M. Holloway (admitted *pro hac vice*)
julie.holloway@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600; Fax: (415) 395-8095

*Counsel for NVIDIA Corporation*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2016, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert W. McFarland
rmcfarland@mcguirewoods.com
McGuire Woods LLP
101 W. Main Street, Suite 9000
Norfolk, VA 23510

Brian C. Riopelle
briopelle@mcguirewoods.com
McGuire Woods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219

Darin W. Snyder
dsnyder@omm.com
Alexander B. Parker
aparker@omm.com
Elysa Q. Wan
ewan@omm.com
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

Counsel for Samsung Electronics Co., Ltd.

_____/s/_____
Robert A. Angle (VSB No. 37691)
robert.angle@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile:  (804) 697-1339