IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAMSUNG ELECTRONICS CO., LTD.,

    Plaintiff,

v.                                                          Civil Action No. 3:14cv757

NVIDIA CORPORATION,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Samsung Electronics Co., Ltd.'s ("Samsung") oral motion, made during trial, to exclude the proposed testimony of Jay Shim about Samsung's motive for instituting this action. The proposed evidence was to be elicited by NVIDIA Corporation ("NVIDIA") as part of its defense on the issue of infringement. For the reasons stated below, and on the record set forth on January 26, 2016, Samsung's oral motion to exclude motive evidence was sustained.

## BACKGROUND

This case is about whether NVIDIA's computer chips infringe a patent owned by Samsung. On the first day of trial, Samsung objected to NVIDIA's proposed examination of a Samsung vice-

president, Jay Shim ("Shim").[1] In particular, Samsung sought to prohibit NVIDIA from asking questions of Shim intended to show: that Samsung and Taiwan Semiconductor Manufacturing Company ("TSMC"), the company that fabricated NVIDIA's computer chips, were competitors for a fabrication contract from NVIDIA; that Samsung brought this action as a means of retaliating against NVIDIA after NVIDIA chose TSMC as its fabricator rather than choosing Samsung; and that this action was a way for Samsung to foreclose TSMC's manufacture of NVIDIA's chips so as to force NVIDIA to use Samsung as the fabricator of NVIDIA chips. (Tr. Jan. 26, 2016 173:5-182:1; 223:17-243:7). Samsung objected on the grounds that such evidence was irrelevant to infringement, and that any marginal relevance would be substantially outweighed by waste of time, confusion, delay, and unfair prejudice under Fed. R. Evid. 403. (Tr. 173:5-174:18). On the same basis, Samsung also sought a curative instruction to address a thinly veiled implication in NVIDIA's opening statement that Samsung brought this action a means of retaliation against NVIDIA. (Tr. 173:5-174:23; 176:14-21, 245:12-255:25). Neither party introduced case law in support of its respective position on the admissibility of evidence about

---

[1] The parties agreed to, and the Court permitted, NVIDIA conducting its direct examination of Shim for NVIDIA's case at the beginning of trial and thus during Samsung's case-in-chief on infringement so that Shim could return to Korea. (Tr. Jan. 26, 2016 177:12-179:1).

the motive for bringing a patent infringement action. Following a proffer on Shim's testimony on motive (Tr. 180:21-181:1; 223:23-238:16) and in the continued absence of any decisional law that would make such evidence relevant to this case, the Court ruled in favor of Samsung on Shim's proffered testimony and on the statements made during NVIDIA's opening statement. (Tr. 242:19-243:7; 245:12-255:25). The Court subsequently gave a curative instruction as to the implications made in NVIDIA's opening statement. (Tr. 245:12-255:25; 298:21-299:4). This opinion outlines the reasoning for that decision.

## LEGAL ANALYSIS

### A. As A General Matter, Motive For Bringing Suit Is Irrelevant

> The rule generally prevailing is that, where a suitor is entitled to relief in respect to the matter concerning which he sues, his motives are immaterial; that the legal pursuit of his rights, no matter what his motive in bringing the action, cannot be deemed either illegal or inequitable; and that he may always insist upon his strict rights and demand their enforcement.

Johnson v. King-Richardson Co., 36 F.2d 675, 677 (1st Cir. 1930). See also Innovation Ventures, LLC v. N2G Distrib., Inc., 763 F.3d 524, 542 (6th Cir. 2014) ("Defendants assert that they should have been permitted to introduce evidence about Plaintiff's business strategy of protecting its trademark and trade dress through litigation .... Plaintiff's motive in

bringing this case was all but irrelevant — what mattered what whether Defendants' products were confusingly similar to FHE."); Caldwell v. Wal-Mart Stores, Inc., 229 F.3d 1162 (10th Cir. 2000) ("Absent some evidence of fraud on Caldwell's part (and none was proffered), evidence of his financial motivation to bring the suit was not relevant to any of the issues in this case"); Krakover v. Mazur, 48 F.3d 341, 344 (8th Cir. 1995) ("As long as a plaintiff is seeking the remedy requested, his bad motives for pursuing the suit are irrelevant" to a state law abuse of process claim); Lee v. Kucker & Bruh, LLP, No. 12 CIV. 4662 BSJ JCF, 2013 WL 680929, at *2 (S.D.N.Y. Feb. 25, 2013); Piontek v. I.C. Sys., No. CIV. 1:08-1207, 2009 WL 1044596, at *1 (M.D. Pa. Apr. 17, 2009); Louisiana Envtl. Action Network v. Cintas Corp., No. CIV.A. 03-711-C-M2, 2004 WL 6225390, at *2 (M.D. La. Oct. 1, 2004); Nat'l Football League Properties, Inc. v. ProStyle, Inc., 16 F. Supp. 2d 1012, 1021 (E.D. Wis. 1998); Rhone-Poulenc Rorer Inc. v. Home Indem. Co., No. CIV. A. 88-9752, 1991 WL 183842, at *2 (E.D. Pa. Sept. 16, 1991); Digital Equip. Corp. v. Sys. Indus., Inc., 108 F.R.D. 742, 743 (D. Mass. 1986); Sharon v. Time, Inc., 599 F. Supp. 538, 586 (S.D.N.Y. 1984).

However, this general rule has been held not to apply when a defendant pleads certain equitable defenses such as laches or estoppel, when there are questions about whether a plaintiff is

an appropriate representative of a class, or when a plaintiff seeks attorneys' fees for bad faith multiplication of proceedings. See, e.g., Lee v. Kucker & Bruh, LLP, No. 12 CIV. 4662 BSJ JCF, 2013 WL 680929, at *2 (S.D.N.Y. Feb. 25, 2013); Parsons v. Jefferson-Pilot Corp., 141 F.R.D. 408, 414 (M.D.N.C. 1992) ("[i]t is well-established that in ordinary litigation, not involving the clean hands defense, the plaintiff's motive in bringing suit is not relevant to the subject matter of the litigation"); Denny v. Carey, 73 F.R.D. 654, 656 (E.D. Pa. 1977) (finding plaintiff's motive irrelevant in seeking to certify a securities litigation class in the absence of evidence tending to show that named plaintiff was not suitable class representative). Under certain circumstances motive has been found to be admissible for purposes of assessing the credibility of the testifying witness. Montoya v. Vill. of Cuba, No. CIV 11-0814 JB/SMV, 2013 WL 6504291, at *1 (D.N.M. Nov. 30, 2013); W. Texas Utilities Co. v. Texas Elec. Serv. Co., 470 F. Supp. 798, 814 (N.D. Tex. 1979).

Although the Court has not identified any decisions from the Courts of Appeals for the Fourth Circuit or the Federal Circuit on this point, the decisions of other circuit and district courts present a general rule: a plaintiff's motive for bringing suit is irrelevant, except in the face of certain equitable defenses, bad faith, or questions of witness bias.

None of these exceptions is present in this case.[2] The Court accordingly finds that the general rule applies, and Samsung's motive is irrelevant to the underlying questions of infringement and validity.

### B. Motive Is Irrelevant In Patent Cases, Absent Violation Of Fed. R. Civ. P. 11 Or Patent Misuse

As a general matter, bringing an infringement action is not the sort of bad faith that makes motive relevant. Virginia Panel Corp. v. MAC Panel Co., 133 F.3d 860, 873 (Fed. Cir. 1997) ("A patentee may lawfully police a market that is effectively defined by its patent."); Concrete Unlimited Inc. v. Cementcraft, Inc., 776 F.2d 1537, 1539 (Fed. Cir. 1985) ("Concrete Unlimited had the right to exclude others from making, using, and selling the invention and to enforce those rights until the '028 patent was held invalid. Concrete Unlimited did only what any patent owner has the right to do to enforce its patent, and that includes threatening alleged infringers with suit.").

That is not to say that the right to bring an infringement action is completely unbounded. For example, a patentee may not bring a suit that is so unreasonable as to run into the regional circuit's governing law on Fed. R. Civ. P. 11. Raylon, LLC v.

---

[2] NVIDIA identified none of these issues as a predicate for the admissibility of Shim's motive testimony (or any like it). The sole relevance predicate posited by NVIDIA was infringement.

Complus Data Innovations, Inc., 700 F.3d 1361, 1367-68 (Fed. Cir. 2012). However, whether Rule 11 applies is not a matter to be decided by the jury. As such, it is improper to raise that issue before the jury.

Additionally, a patentee may not engage in patent misuse by bringing suit for the purpose of perpetuating an anticompetitive market. E.g., C.R. Bard, Inc. v. M3 Sys., Inc., 157 F.3d 1340, 1368 (Fed. Cir. 1998). The antitrust underpinnings of patent misuse, however, only prohibit "bringing suit to enforce a patent with knowledge that the patent is invalid or not infringed, and the litigation is conducted for anti-competitive purposes." C.R. Bard, Inc., 157 F.3d at 1368. In Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49 (1993), the Supreme Court established a two-part test applicable in such "sham" litigation: (1) the lawsuit must be objectively meritless such that "no reasonable litigant could expect success on the merits;" and (2) it must be found that "the baseless lawsuit conceals 'an attempt to interfere directly with the business relationships of a competitor.'" NVIDIA has not raised patent misuse violative of the antitrust laws either as a defense or a counterclaim. Thus, as this action is configured, Samsung's motives are irrelevant, and are, rather, within the bounds of a patentee's lawful right to "police a

market that is effectively defined by its patent." <u>Virginia Panel Corp.</u>, 133 F.3d at 873.

That conclusion is further supported by a handful of cases explicitly stating that motive is irrelevant in similar, though not identical, situations. See <u>Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 837-38 (2002) (finding that a defendant's motive for bringing a compulsory and non-frivolous counterclaim is irrelevant to determining the appellate jurisdiction of the Federal Circuit); <u>Mikohn Gaming Corp. v. Acres Gaming, Inc.</u>, 165 F.3d 891, 897 (Fed. Cir. 1998) (finding that a patentee has a right to enforce its patent, including threatening alleged infringers with suit, so long as the patentee has a good faith belief that its patents are infringed); <u>SGS-Thomson Microelectronics, Inc. v. Int'l Rectifier Corp.</u>, 31 F.3d 1177 (Fed. Cir. 1994) (finding that a motive for patent assignment is irrelevant to assigning's standing to enforce the patent, and that "[e]ven a motive solely and expressly to facilitate litigation 'is of no concern to the defendant and does not bear on the effectiveness of the assignment'") (internal citation omitted); <u>AMP Inc. v. United States</u>, 389 F.2d 448, 451 (Ct. Cl. 1968) (holding that motive for patent acquisition has no weight as to the legal issue of implied license); see also <u>McNeil-PPC, Inc. v. L. Perrigo Co.</u>, 337 F.3d 1362, 1373 (Fed. Cir. 2003) (finding that "motives for

making and attempting to patent new inventions of lesser medical value" are irrelevant); Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1548 (Fed. Cir. 1995) ("The motive, or motivation, for the infringement is irrelevant if it is proved that the infringement in fact caused the loss."). The thrust of these cases is that the parties' intentions are generally irrelevant: what matters is whether the patent was actually infringed or is actually invalid.

Thus, as in non-patent law, motive for bringing suit is irrelevant to the trial of a patent infringement suit, absent circumstances not present here. Fed. R. Evid. 402. Moreover, as is true generally, motive evidence can be quite a complicated topic. Therefore, admitting motive evidence would of necessity open the door to countervailing evidence that would necessarily detract from the real issues, that would cause delay and waste of time, and that would confuse the jury. All of that would be unfairly prejudicial and would substantially outweigh any marginal relevance of the motive evidence offered here. Fed. R. 403.

## CONCLUSION

For the reasons stated above, Samsung's oral motion to exclude motive evidence was sustained and a limiting instruction was given.

It is so ORDERED.

/s/ _Rep_
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 23, 2016