

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAMSUNG ELECTRONICS CO., LTD.,
Plaintiff,

v.     Civil Action No. 3:14cv757

NVIDIA CORPORATION,
Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on NVIDIA's RENEWED MOTION TO SUPPLEMENT ITS WITNESS LIST (Docket No. 807). NVIDIA Corporation ("NVIDIA") again seeks to supplement its witness list to add its Executive Vice President of Operations, Debora Shoquist ("Shoquist"). For the reasons stated below, NVIDIA's RENEWED MOTION TO SUPPLEMENT ITS WITNESS LIST (Docket No. 807) will be denied.

**PROCEDURAL BACKGROUND**

On December 16, 2015, the Court issued a Memorandum Opinion denying NVIDIA's Motion for Partial Summary Judgment. (Docket No. 602). The Opinion discussed, among other issues, various ways in which Samsung Electronics Co., Ltd. ("Samsung") might show that NVIDIA "controls" TSMC, such that NVIDIA would be liable for pre-suit damages under 35 U.S.C. § 287(b). On December 29, 2015, Samsung moved to amend the Final Pretrial Order to include NVIDIA's response to Interrogatory No. 10, a

document that Samsung argued tended to show "control" under the standards discussed in the December 16, 2016 Memorandum Opinion. (Docket Nos. 610, 611). The Court's order granting that motion included a provision stating that, if Defendants felt the need to introduce evidence responsive to the newly admitted Interrogatory No. 10, it should move for such relief. (Order, Docket No. 659). On January 16, 2016, NVIDIA filed its original Motion to Supplement Defendants' Witness List with Ms. Shoquist (Docket No. 677), to which Samsung objected.

The Court denied NVIDIA's motion. (Order, Docket No. 692; Memorandum Opinion, Docket No. 735). As the Court noted in that opinion, NVIDIA's concession that Shoquist would not testify to anything that four already-designated witnesses were not already slated to discuss meant that NVIDIA could not prove "manifest injustice" under Fed. R. Civ. P. 16(e). (Memorandum Opinion, Docket No. 735, 4, 6-7). Moreover, the factors enumerated in Koch v. Koch Inds., Inc., 2013 F.2d 1202, 2122 (10th Cir. 2000) weighed against supplementation. Id. (considering (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any surprise; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order). In particular, the Court found that:

(1) Samsung was surprised because: (a) Shoquist was never designated under Fed. R. Civ. P. 26(a) as a knowledgeable person; and (b) when NVIDIA was called upon to designate a 30(b)(6) witness to testify about the business relationship between TSMC, Shoquist was not designated. The Court found that, having taken 26(a) and 30(b)(6) depositions on other knowledgeable people, "Samsung has prepared its case, and granting this motion would require Samsung to take depositions on the eve of trial." (Memorandum Opinion, Docket No. 735, 4-5).

(2) The prejudice could not be cured because: (a) discovery was closed (such that Samsung would not be able to pursue additional paths of discovery that Shoquist's deposition might reveal); and (b) the proximity of trial would inhibit such inquiry even if the Court reopened discovery. (Memorandum Opinion, Docket No. 735, 5).

(3) Supplementing with Shoquist would disrupt an orderly and efficient trial because: (a) preparation for the trial had been underway for some time, and (b) it would disrupt the trial to require adjustment of trial preparations so quickly before the trial (Memorandum Opinion, Docket No. 735, 5).

(4) NVIDIA did not act in bad faith. (Memorandum Opinion, Docket No. 735, 6).

3

Because NVIDIA could not demonstrate manifest injustice and because the Koch factors weighed against supplementation, the Court denied NVIDIA's motion. (Memorandum Opinion, Docket No. 735, 6-7).

For reasons not relevant here, the Court granted a mistrial on the patents to which Shoquist's testimony would have been relevant. (E.g., Memorandum Opinion, Docket No. 829). The new trial on those patents will be held May 4, 2016. Shortly after the mistrial was declared, NVIDIA filed this motion renewing its request to supplement its witness list with Shoquist.

**ANALYSIS**

NVIDIA's argument can be broken into several major components: (1) Shoquist's testimony is relevant and non-cumulative, such that inability to supplement would constitute manifest injustice; (2) there is no surprise and any surprise is easily cured; (3) supplementation will not disrupt trial; and (4) NVIDIA has not acted in bad faith. However, NVIDIA still has not shown that denying its motion to supplement would result in manifest injustice, and NVIDIA misunderstands surprise and cure in the context of discovery.

**A. Manifest injustice, relevance, and cumulativeness**

NVIDIA asserts that Shoquist has personal knowledge regarding facts critical to rebutting Samsung's claim that

4

NVIDIA "owns or controls" TSMC, which is relevant to Samsung's claim for pre-notice damages. (Def.'s Mem. in Supp. of Renewed Mtn. to Supp. Witness List, Docket No. 808, 1) ("Def.'s Mem.").

Although Shoquist appears to have some relevant knowledge on that point, NVIDIA cannot credibly claim that declining to amend the Pretrial Order would constitute manifest injustice because NVIDIA has admitted that all the evidence that Shoquist has to offer is to be addressed by four of NVIDIA's already-designated witnesses. (Memorandum Opinion, Docket No. 735, 4, 6-7). In briefing this motion, NVIDIA attempted to backtrack from this concession by stating that Shoquist's testimony will be non-cumulative because Shoquist will cover NVIDIA's <u>business</u> relationship with TSMC, while currently-designated witness Joseph Greco – one of the four already-designated, allegedly cumulative NVIDIA witnesses – will cover NVIDIA's <u>technical</u> relationship with TSMC. (Def.'s Mem. 5). But, in light of NVIDIA's statements in the previous briefing, the question is not whether Shoquist and Greco are cumulative, but whether Shoquist and Greco <u>and the three other already-designated witnesses</u> are cumulative. By NVIDIA's admission, Shoquist's business testimony overlaps with James Chen and John Hu,[1] rather

---

[1] Chen and Hu are currently set to testify by deposition, if at all. NVIDIA attempts to argue that bringing Shoquist to testify in person is preferable to the alternative of Chen and Hu

than Greco. (Def.'s Reply 3) ("If Ms. Shoquist testifies, neither James Chen nor John Hu need to testify regarding the business relationship…"). Even in the current round of briefing, NVIDIA concedes that Shoquist's testimony is not necessary, because Greco, Chen, and Hu will cover the same topics Shoquist would cover. Hence, NVIDIA has not established that it is <u>harmed</u> by denying the motion to supplement, much less that denying the motion is a "manifest injustice" under Fed. R. Civ. P. 16(e).

**B. Koch Factors**

Although NVIDIA cannot demonstrate that it would be harmed by denying its motion, Samsung has established that Samsung would be harmed by granting the motion under the <u>Koch</u> factors.

As to the first and second <u>Koch</u> factors, NVIDIA argues that Samsung cannot be surprised because, although Shoquist was not designated in its disclosures under Fed. R. Civ. P. 26(a) as a person with knowledge of its defenses or of its case or as a witness under Fed. R. Civ. P. 30(b)(6) (Memorandum Opinion, Docket No. 735, 3-4), Shoquist was mentioned by name and position during depositions and in NVIDIA's original January,

---

testifying by deposition. (Def.'s Reply to Samsung's Opposition, Docket No. 825, 3). NVIDIA hangs it hat on a previous case in which this Court stated a preference for live testimony over deposition testimony when "reasonably possible." (Pl.'s Reply 3) (quoting <u>Samsung Elecs. Co. v. Rambus, Inc.</u>, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005)). For the reasons stated in the <u>Koch</u> analysis, below, supplementing with Shoquist is not "reasonably possible" at this point, such that <u>Rambus</u> does not control.

2015 motion to supplement. (Memorandum Opinion, Docket No. 735, 4). NVIDIA argues, moreover, that any resulting prejudice is curable because NVIDIA will make Shoquist available for a deposition. (Def.'s Mem. 6-7).

NVIDIA's argument misunderstands the nature of "surprise" in the discovery context. Notice in a deposition is not an adequate substitute for disclosure in the proper form and at the proper time, as the Court discussed at length in this case with respect to non-disclosures by Dr. Jeongdong Choe ("Choe"). (Memorandum Opinion, Docket No. 829, 12-16). In this situation, the fact that Shoquist's name arose in a deposition does not ameliorate surprise for the same reasons that deposition notice did not ameliorate surprise as to Choe: because Shoquist's name came up during depositions, Samsung was denied its proper opportunity to use the entire discovery period to examine Shoquist. Samsung's awareness does not mean that Samsung was not either surprised or able to effect a cure. Finding otherwise would run counter to the opinion on the Choe non-disclosure.

Moreover, NVIDIA's offer to make Shoquist available for a deposition neither alleviates prejudice nor serves as fully effective cure. If NVIDIA had disclosed Shoquist properly in its disclosures under Fed. R. Civ. P. 26 or as a designated witness under Fed. R. Civ. P. 30(b)(6), Samsung would have been able to do more than take a deposition: it could have used any discovery

tool available under the Federal Rules of Civil Procedure. Because Shoquist was not so disclosed, Samsung did not engage in the sort of wide-ranging discovery to which Samsung would have been entitled in the period of discovery allowed for merit discovery.[2] Offering Shoquist for a deposition is a partial cure, but not a complete cure.

NVIDIA brought this motion apparently under the misapprehension that the proximity of trial was the only reason that the Court believed that it was not possible to cure the surprise of adding Shoquist as a witness. Although proximity to trial certainly exacerbated the problem (it is clearly more difficult for a trial team to take a deposition a week before trial than it is for a trial team to take a deposition months away from trial), the original memorandum opinion made it quite

---

[2] NVIDIA argues, in response, that Samsung's complaints about certain avenues of discovery being cut off are purely hypothetical. (Def.'s Reply, 4) ("That claim is premature and, regardless, Samsung cannot identify a single possible 'additional path of discovery' (excepting Ms. Shoquist's deposition) that may result from allowing Ms. Shoquist to testify."). In its opinion on Choe's nondisclosures, the Court rejected a similar argument by Samsung that NVIDIA could only hypothesize that Choe's undisclosed scans were probative of NVIDIA's position. (Memorandum Opinion, Docket No. 829, 22 n.14. In both situations, it is not the Court's place to shut the door on possible lines of inquiry, so long as those lines of inquiry are reasonable, and reasonably calculated to lead to the discovery of admissible evidence. Indeed, NVIDIA's position is undermined by the rule that information is discoverable if it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

8

clear that the fact that Shoquist was not disclosed in time for general discovery was the animating factor of that decision. (Memorandum Opinion, Docket No. 735, 4, 4-5). Samsung's inability to take the sort of discovery to which it would be entitled during the general discovery period carries just as much weight now as it did weeks from trial. Because Shoquist was not properly disclosed, and because Samsung cannot take the type of discovery necessary to cure the resulting surprise, the Court will deny NVIDIA's motion to supplement.

As to the third Koch factor, NVIDIA argues that designating Shoquist will not disrupt trial, because, although she is a new witness, she will not introduce a new "issue" under Koch. (Def.'s Mem. 7).[3] Shoquist is, however, a new witness, and a new witness means disruption to trial preparation, and thus to the trial. As the Court noted in its ruling on the original motion, "[t]he keystone of an efficient trial is preparation and preparation for this trial has been underway for some time." (Memorandum Opinion, Docket No. 735, 5). If the Court granted NVIDIA's motion, Samsung would be required to conduct the deposition, review the deposition, and prepare cross-examination

---

[3] This persistent acknowledgement that Shoquist will not add any testimony not available from already-designated witnesses, again, tends to show that NVIDIA will not suffer "manifest injustice" by the Court's refusal to supplement.

for Shoquist, when Samsung has already conducted such preparations for Greco, Chen, and Hu.[4] This is, admittedly, not an enormous or trial-derailing type of disruption, and on these facts disruption plays a small role in the Court's Koch calculus. It does, however, marginally indicate that NVIDIA should not be allowed to supplement.

As to the fourth factor, there is no evidence in the record that NVIDIA acted in bad faith. (Def.'s Mem. 7).[5] This tends to support supplementation.

On the whole, however, the Koch factors tend to demonstrate that disclosure of Shoquist was a surprise and that, discovery having closed, Samsung cannot cure that surprise. This outweighs NVIDIA's lack of bad faith, and supports the conclusion that NVIDIA should not be permitted to supplement its witness list.

---

[4] Samsung argues that the fact that Shoquist's testimony would be "cumulative and inefficient" tends to demonstrate disruptiveness. (Pl.'s Opp. 7). On this record, the Court does not consider the inefficiency to rise to the level of a "disruption," although it might be otherwise objectionable under Fed. R. Ev. 403.

[5] Samsung alleges that NVIDIA is unsatisfied with its current crop of witnesses and is opportunistically using Samsung's introduction of Interrogatory No. 10 to "replace these other witnesses with Ms. Shoquist, a high level executive that has not yet been tarnished by adverse deposition testimony." (Pl.'s Opp. 8). That may be so, but the record does not permit such a finding.

10

## CONCLUSION

Many of the facts enumerated in the original opinion are also salient to the renewed motion. As to surprise and prejudice, (1) Shoquist was never disclosed as a knowledgeable person under Rule 26 or designated as a witness on the topic under Rule 30(b)(6); (2) NVIDIA has four other witnesses to testify on this topic; and (3) Samsung has already invested time and resources conducting discovery against NVIDIA's properly disclosed witnesses and preparing for a trial with those witnesses as NVIDIA's witnesses on the topic of control. As to cure, because discovery is closed, Samsung would not be able to pursue paths of discovery other than a deposition. As to disruption to an orderly and efficient trial, the Court noted that the keystone of and efficiency is preparation, and preparation has been underway for a considerable amount of time, such that any change now could throw off the usefulness of those earlier preparations. Although all of these factors were aggravated by the proximity of trial when the Court considered NVIDIA's original motion, they still require that the Court deny NVIDIA's motion now.

In sum, Shoquist's testimony is cumulative of other corporate witnesses, such that there is no manifest injustice from not permitting her designation, and Shoquist's designation

would constitute an incurable surprise to Samsung. For these reasons, NVIDIA's RENEWED MOTION TO SUPPLEMENT ITS WITNESS LIST (Docket No. 807) will be denied.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 14, 2016